Mull v. Orme.

———————— ◆ ————————

## Mull v. Orme.

Real Estate, Action to Recover.—*Estoppel by Survey.*—*Admissions of Grantor.*—*Adverse Possession.*—Where the owner of land procures a survey thereof to be made by the county surveyor, according to section 3, 1 R. S. 1876, p. 864, and agrees to such survey and places the corner-stones pursuant thereto, he is estopped from asserting any claim to land beyond the line thus established ; and a person who is present at such survey and has full notice when it is made, and who subsequently becomes a grantee of such land, is bound by the line so established, and by the admissions of his grantor made at the time concerning it, and can not maintain a suit to

recover from an adjoining proprietor a strip of land beyond the survey, which, before that time, had been within a fence enclosing the land so purchased by him, for more than twenty years, and occupied by his grantor, but which fence, after the survey, the adjoining proprietor had moved to the line fixed thereby, thus bringing the strip in controversy within his own enclosure.

SAME.—*Evidence.*—In such a case, the plaintiff can not recover, if he shows no title in himself, even though the defendant has no title ; and a deed to such defendant from his grantor, offered as evidence by the plaintiff to show that the land in controversy had not been conveyed to the defendant, is inadmissible.

From the Rush Circuit Court.

*L. Sexton* and *C. Cambern*, for appellant.

*G. B. Sleeth* and *J. W. Study*, for appellee.

BIDDLE, J—Complaint by the appellant, against the appellee, in the statutory form, to recover the possession of certain lands.

Answer, general denial.; trial by the court; finding for appellee ; appeal.

The appellant has brought before us certain questions as to the rejection of evidence upon objection made, and the admission of certain evidence over an objection made, and the sufficiency of the evidence to sustain the finding.

The substantial facts of the case may be stated as follows :

The appellant claims title by deed.conveying to him fifty-five acres, by a parallel line, off of the east side of a certain congressional quarter of a section of land. The appellee claims title by deed conveying to him, by a parallel line, one hundred and four acres off of the west side of the same quarter section of land. Both parties hold from the same remote *propositus ;* and, up to this point, we believe, there is no controversy between them. But the quarter section of land thus divided overruns the congressional complement of one hundred and sixty acres, thus leaving a strip of land containing some four acres, more or less, lying between the tracts conveyed as above to the present con-

tending parties. During twenty or more years next preceding the commencement of this suit, a fence—by whom built, it does. not appear—called "the old fence," stood upon or near the east line of the one hundred and four acres, claimed by the appellee, thus leaving the strip of land lying between the two tracts within the same enclosure that included the fifty-five acres claimed by the appellant. It does not appear that either party ever claimed or recognized the " old fence " as the line between them. The appellant and his vendors seem to have cultivated this strip, or at least occupied it within their enclosure, for more than twenty years continuously before this suit was brought. It does not appear, during these twenty years, that either party, or their vendors, claimed title to the strip of land in controversy, adversely to the other, except by such occupancy of the appellant and his vendors; and, upon this occupancy during more than twenty years next preceding the commencement of this suit, the appellant grounds his right to recover the strip of land in controversy.

The immediate vendor of the appellant was Frederick Mull, Senior, his father, who, through his vendors, derived title from the year 1847, each successive conveyance describing the land as fifty-five acres off of the east side of the quarter of a section. The date of the appellant's title from his father is the 29th day of September, 1873. This suit was commenced on the 10th day of May, 1875. In June, 1873, while Frederick Mull, Senior, was the owner and in possession of the land claimed by the appellant, the senior Mull, after giving the requisite notice to the appellee, caused the county surveyor to establish, relocate and perpetuate the north-west and south-west corners of the fifty-five acres, then owned and claimed by him. At this survey, which seems to have been conducted according to section 3; 1 R. S. 1876, p. 864, authorizing the establishment of land corners, Mull, Senior, and Mull, Junior, were

both present, assisting in the survey. The appellee was not present. Mull, Senior, procured the corner-stones, aided in putting them in position, and expressed himself satisfied with the survey, and the quantity of land which it gave him. After this survey was made, and the corners were thus established, and before this suit was commenced, the appellee moved the " old fence " to or near to the line established by the survey, which is now called the " new fence," no part of which sets upon the fifty-five-acre tract.

Upon this state of facts the court found for the appellee, and we think properly. It seems to us that Mull, Senior, was estopped by the survey which he had procured to be made and agreed to, from asserting any claim to land west of the line thus established, and Mull, Junior, claiming under Mull, Senior, is bound by the same survey, at which he was present, and had full notice when it was made. He holds by his deed all that his vendor could convey, and is in possession of all he bought. We do not see any thing of which he has a right to complain. The question is not whether the appellee takes any thing by the estoppel of Mull, Senior, nor whether he owns the strip of land in controversy, but it is whether the appellant owns the strip in controversy, and is entitled to its possession. Unless he has shown some title to it, and is entitled to its possession, he can not recover, even though the appellant has no title to it, and is not entitled to its possession, as against the outstanding title in some third person.

At the trial, the appellant offered the deed to the appellee from his vendors, as evidence, to show what portion of the quarter section was owned by the appellee. The court sustained an objection to its competency. Of this ruling the appellant complains; but we see no error in it. The deed did not, in any degree, tend to support the title of the appellant, nor contradict the evidence of the appellee.

The appellant also complains of the admissions of Mull, Senior, made at the time of the survey, which he procured to be made. There is no error in this ruling. At the time the admissions were made, Mull, Senior, was the owner and in possession of the land which he conveyed to the appellant; the appellant is therefore bound by his vendor's admissions as to the metes and bounds of the land.

We find no error in the record.

The judgment is affirmed, at the costs of the appellant.