JAGGERS ET UX *v.* HENDERSON ET UX.

[No. 18,259. Filed February 17, 1953. Rehearing denied March 12, 1953.]

*Raymond Demaree* and *Charles W. Symmes,* of Indianapolis, for appellants.

*Pell & Good,* of Shelbyville, and *James D. Archer,* of Franklin, for appellee.

KELLEY, J.—Appellants, husband and wife, and appellees, husband and wife, own adjoining properties in Lot Number Five (5) in Isaac Smocks Addition to the Town of Greenwood, in Johnson County, Indiana. Appellants' property lies to the north of that of appellees and the division line of the two properties extends east and west.

In June, 1948, appellees instituted action in the Johnson Circuit Court by complaint and supplemental complaint against appellants alleging malicious trespass upon appellees' real estate and praying for damages and injunctive relief. In the same cause, the appellants filed what is termed a "cross-complaint" (see: Flanagan, Indiana Pleading and Practice, §§177 and 187) charging appellees with malicious trespass upon their real estate. Each party answered the complaint of the other by denial of the allegations thereof.

Upon the issues so formed, the cause was tried by the court, without jury. The court found for the appel-

lees upon their complaint and against appellants on their "cross-complaint" and entered judgment for appellees in $500.00 damages and costs and enjoined appellants from further acts of trespass.

Appellants filed their motion for a new trial which the court overruled. The overruling of such motion is the only error assigned by appellants. The motion for new trial contains grounds: that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that there was no evidence to support the court's finding against the appellant, Lula May Jaggers. All other grounds of the motion have been waived, one expressly by appellants in their reply brief and the others under Rule 2-17(f) of the Rules of the Supreme and Appellate Courts.

There is sufficient evidence of probative value in the record which, with the reasonable inferences the court was authorized to draw therefrom, supports the finding of the court as to appellant, Lula May Jaggers.

The appellants found their claim of insufficiency of evidence upon the fact that the court in its finding stated "that the location of said north line of the real estate owned by the plaintiffs as described in plaintiffs' complaint has been physically established by a survey made in 1943 by C. Ray List, who was at that time County Surveyor of Johnson County, Indiana . . .", and, appellants say, that in this the court erred "in not accepting the survey of George Schmidt, appellants' surveyor".

As no request was made of the court for special findings and conclusions of law, appellants' attempt to support an asserted insufficiency of evidence by another assertion of an alleged erroneous finding is unavailing. Where there is no request for a special finding of facts and the conclusions of law there-

on, the finding, although amplified, is treated simply as a general finding. *Rhodes, et al.* v. *Selvage, et al.* (1919), 69 Ind. App. 533, 534, 122 N. E. 352; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 481, 33 N. E. 2d 102; Indiana Trial and Appellate Practice (Flanagan, Wiltrout and Hamilton), p. 349, §1731. There is, however, a statement by appellants in the argument portion of their brief that "every survey adduced by appellees assumed that the north line of lot 5 was identical with the north edge of the sidewalk on the south side of Broadway. None of appellees' surveyors checked back to other points, as did Schmidt. This . . . assumption demonstrates appellees' surveys to be . . . worthless and having no probative value".

As it appears from the record that the court found it necessary for the purposes of the action to definitely locate the north line of appellees' property which forms the division line between the properties of appellants and appellees, we have concluded, in view of appellants' said assertion, to examine the evidence on the question of the surveys. A careful examination of the testimony of both the said C. Ray List, appellees' witness, and George G. Schmidt, witness for appellants, discloses that each of them did "check back to other points", in fact, both indicated the same starting point. List testified: "The final survey I started from the quarter section line", and again, in answer to the question as to where he found the quarter section stone, he answered: "Well, there is a mark in the north city limits on Meridian Street little bit west of the center of the street there is a brass plug in the pavement up there". Schmidt testified: "We started, yes, at the section corner", and, in answer to the question if he found anything there, he said: "There is a copper plug in the middle of the

pavement". There is other evidence tending to show that List did "check back to other points", but it is useless to further extend this opinion by a recital thereof, since it is apparent that said assertion of appellants is without foundation.

We may observe further, however, that there is documentary evidence in the record consisting of certified copies of the deeds forming the chain of title through which the respective parties received title to the real estate described in their pleadings, and that by these deeds the north line of appellees' property, which is also the division line between the properties of appellants and appellees, is definitely located.

Said Lot Five (5) in Isaac Smocks Addition to the Town of Greenwood was formerly wholly owned by one Vandilena L. E. Wishard. She is the remote common grantor of both appellants and appellees. Her first deed was dated August 29, 1908, and was the original deed in the chain of title which ultimately lead to title in appellees. The starting point of appellees' land is described in said deed as: "beginning at a point Eighty-six (86) feet and seven (7) inches South from the North side of the cement side-walk at the North West corner of said Lot" (referring to said Lot 5) and said description continues south 53 feet, east to a point, north 53 feet, and thence west "to the point of beginning". By said deed the said grantor divested herself of all title and interest in the property which now belongs to appellees. Five years later, on March 18, 1913, said Vandilena L. E. Wishard executed the deed which was the first deed in the chain of title which lead to title in the appellants. The starting point in this deed was described as: "beginning at the northwest (N. W.) corner of said Lot (referring to said Lot

5) and running thence south . . . eighty-six (86) feet and seven (7) inches"; and said description continues east, thence north, and thence west "to the place of beginning". Thus it is apparent from said deeds that the north line of appellees' property is eighty-six (86) feet, seven (7) inches south of the "north side of the cement side-walk at the North West corner of said Lot". The evidence shows that said cement sidewalk referred to in said first deed has never been destroyed or changed and is now as it was on August 29, 1908, the date of said deed. If, by her said deed of March 18, 1913, said original grantor described real estate which, by reason of its beginning point, extended south of the said north line of what is now appellees' property, then, to such extent, her said deed conveyed nothing as she had previously conveyed away her title thereto. The record contains no subsequent conflicting deeds, and it follows that the south line of appellants' property could not be situate below the north line of appellees' property. Consequently, the division line between the two properties is definitely located and established by said deeds as the north boundary line of appellees' real estate.

Appellants further claim that the surveyor, C. Ray List, did not comply with the requirements of Acts 1875, ch. 19, §1, p. 33, being §49-3311 of Burns' Ind. Statutes, Anno., 1951 Repl. We find no merit in this objection. The record discloses that said List made his survey in 1943 at the request of the appellants and that notices were given as required by said act and were served by the appellant, Lennord Jaggers, himself. Appellants are bound by such survey. *Mull* v. *Orme* (1879), 67 Ind. 95, 98; *Grover* v. *Paddock* (1882), 84 Ind. 244, 247. There is ample evidence to support the finding of the court and the same is not contrary to law.

Finding no reversible error, the judgment is affirmed.
Judgment affirmed.
Royse, C. J., not participating.
NOTE.—Reported in 110 N. E. 2d 341.