HUBER ET AL. *v.* HUBER ET AL.

[No. 19,145. Filed March 2, 1960. Rehearing denied April 12, 1960. Transfer denied October 3, 1960.]

*Richard P. Tinkham, John F. Beckman, Jr., Gerald L. Cooley* and *Tinkham, Beckman & Kelly,* of counsel, all of Hammond, for appellants.

*J. Edward Barce, John W. Barce,* of Kentland, *Arthur E. Letsigner* and *Geo. E. Hershman,* both of Crown Point, for appellees.

RYAN, J.—The appellees, who were the plaintiffs below, filed their complaint in three paragraphs against the appellants, the defendants below, to set aside four deeds executed by one Henry J. Huber, conveying four parcels of land in Hammond, Indiana, to the appellants. The first paragraph alleged that the appellants, through the exercise of undue persuasion and importunity and undue corrupt and overpowering influence, procured the deeds conveying the property from Henry Huber; the second paragraph alleged that the defendants fraudulently and with the intent to cheat the appellees, conspired together to induce said Henry Huber to convey said real estate; the third paragraph alleged that the appellants, knowing of the weak and enfeebled condition of Henry Huber, and of his inability to manage his own affairs, induced and persuaded him to execute the said deeds. It was further alleged that the appellants had been managing and collecting rents on said properties, and requested an accounting.

The appellants are all brothers and sisters and in-

laws of Henry J. Huber, and the appellees are all nephews and nieces. Trial was had by the court, without the intervention of a jury, and judgment was rendered for the appellees, setting aside the four deeds, and granting a money judgment to appellees for their share of the rentals collected by appellants. The court in its finding stated:

". . . that the defendant relatives of Henry J. Huber, Deceased, obtained the four deeds of conveyance referred to in the complaint by undue influence as alleged in the Second Amended Complaint; and that the deceased Henry J. Huber . . . was mentally impaired and incapable of properly, intelligently and fairly protecting and preserving his property rights at the time of the execution of the four deeds of conveyance referred to which the Court FINDS were executed without any consideration therefor; . . ."

Appellants filed their motion for a new trial containing twenty-two specifications, which was overruled, and from which ruling they appealed. We quote the motion for a new trial as set out in appellants' brief, verbatim:

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. Error in the assessment of the amount of recovery in this: The amount of recovery is too large.

"6. Error of law occurring at trial in this: The court erred in refusing to strike the portion of the testimony of the witness, Catherine Huber, called by the plaintiffs, relating to her belief that the decedent, Henry J. Huber, did not know his own sister, Angeline Rettig.

"12. Error of law occurring at trial of this cause in this: The court erred in refusing to strike a portion of the testimony of the witness, Edwin Huber, called by the plaintiffs, relating to his be-

lief that the decedent, Henry J. Huber, didn't seem to know what was going on.

"13. Error of law occurring at the trial of this cause in this: That the court erred in refusing to strike out a portion of an answer of the witness, Edwin Huber, called by the plaintiffs, relating to hearsay testimony that everybody said it was too bad that the man, referring to decedent, Henry J. Huber, was so mixed-up.

"15. Error of law occurring at the trial of this cause in this: That the court erred in permitting the witness, Leo Bonaventura, called by the plaintiffs in rebuttal, to answer over defendants' objections, the following questions propounded by attorneys for the plaintiffs, which said questions, objections, rulings thereon and answers are as follows: (Here follow questions and answers concerning the withdrawal of funds from the account of Henry J. Huber in the East Chicago Federal Savings and Loan Association.)

"16. Error of law in admitting into evidence over the objections of appellants, appellees' Exhibits 10, 11 and 12 showing withdrawals by William C. Huber and Mary Huber from the account in the East Chicago Federal Savings and Loan Association.

"20. Error of the court in permitting the witness, Edith Van Gilder, called by the plaintiffs, to answer certain questions concerning the property of Henry J. Huber in the State of California.

"22. The damages assessed by the court are excessive."

Specification No. 1 challenges the sufficiency of the evidence to sustain the decision of the trial court. In determining whether there was sufficient evidence to support the decision, it is well settled, that on appeal, this court will consider only that evidence which tends to support the finding, together with all reasonable, natural and logical inferences which may be drawn therefrom. *Isenhour* v. *Speece, Admr. et al.* (1958), 238 Ind. 293, 150 N. E. 2d 749.

The evidence most favorable to the appellees discloses that Henry J. Huber was seventy-nine years of age in June of 1948, when he purportedly executed the deeds in question. Originally a native of Lake County, he and his wife had lived in California for some years prior to his return to Hammond after the death of his wife in 1947. Upon his return to Hammond he took up residence with appellants Michael and Mary Huber.

There was evidence that in May of 1948 he failed to recognize his old home in Hammond; that he couldn't carry on much of a conversation with any of his relatives; that he failed to recognize many of them; that he hid checks in the tops of his socks; that he showed no interest in anything; couldn't carry on a conversation intelligently; that he was childish; that he had a blank stare in his eyes; that he addressed Mary Huber as "Jo," which was the name of his deceased wife; that when driven around Hammond he would look for Sunset Boulevard, when there was no Sunset Boulevard in Hammond; that he appeared like a child and was bewildered; that in conversation with him you "felt kind of foolish talking to him because he wouldn't give you any right answers . . ."; that on various occasions the appellants referred to him as being "all mixed up" and "nuttier than a loon."

Charles M. Slater, who was the manager of Harvey Brothers Clothing Store, which was located in a building rented from Henry J. Huber, testified as follows:

"A.   I have been negotiating or trying to buy the building since 1936. Well, they turned me down each time because he thought that he gets enough revenue out of the building that he couldn't use the money to better advantage. However, when he came into the store that paticular day, the first thing, I saw him, I told him that I would like to buy the build-

ing from him and I offered him seventy thousand dollars.

"Q. What, if anything, did he say in connection with that?

"A. He kind of looked at me, stared at me with kind of vacant stare and he says, "All right." And I says, "Well, let's go up to the attorneys," and he didn't answer me at all. And finally they walked out. The following day I called up Michael Huber's home and I wanted to know where Mr. Huber was, Henry Huber, and they said that he wasn't coming down town. He came down the following day, and I asked him about that and he says, "What building? What store?" Well, the minute I talked to him and I knew that he was not responsible, so I just let the matter drop."

There was also opinion evidence that the decedent was of unsound mind at the time in question.

The testimony of one Vernon Faxon, an examiner of questioned documents, who testified that the signatures of Henry J. Huber on the deeds in question were not genuine, was admitted in evidence without objection by the defendants-appellants and is not presented to us in appellants' brief in the condensed recital of the evidence, since the appellants contend the judgment of the court found that the deeds were procured by undue influence, and thus assumes that the deeds were validly executed, and such evidence is "not necessary to present accurately and concisely a full understanding of the questions presented on this appeal." A condensed recital of this evidence is, however, properly set out by appellees in their reply brief. However, we should point out that no question for review is now presented to this court on the admission of such evidence. To assert alleged error in the trial of a case to this court for review, it must first be brought to

the attention of the trial court unless such alleged error is of a jurisdictional nature. *Ashmead et al.* v. *Reynolds et al.* (1892), 134 Ind. 139, 33 N. E. 763; *Drinkwatter* v. *Eikenberry* (1945), 224 Ind. 84, 64 N. E. 2d 399; I. L. E. Appeals, §§91, 119.

The finding and judgment were rendered on May 4, 1957, before the adoption of Supreme Court Rule 1-7 B, and such finding, even though amplified, is treated as a general finding since there was no request for Special Findings of Fact and Conclusions of Law by either party. *Jaggers* v. *Henderson* (1952), 123 Ind. App. 325, 110 N. E. 2d 341.

Thus, being a general finding, the assumption by the appellants that the testimony of Mr. Faxon should not be considered is without merit for two reasons: First, where, as here, no objection was made to the introduction of this evidence at the trial of the cause on the ground that it was a material variance from the pleadings, such amendment to the pleadings will be deemed to have been made on appeal. *Chicago & Calumet District Tr. Co.* v. *Stravatzakes* (1959), 129 Ind. App. 337, 156 N. E. 2d 902. Secondly, the decision of the trial court was that such deeds be set aside, and such evidence would have probative value in sustaining the decision to set aside the deeds.

Undue influence is ultimately a question of fact to be determined by the trial court. *Burgin et al.* v. *Dries* (1960), 130 Ind. App. 249, 163 N. E. 2d 609. The evidence which establishes it is usually circumstantial, and direct evidence is necessary only to establish facts from which the trial court may make a proper inference of its presence. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487. Undue influence does not lend itself to an exact definition, since to define it by fixed principles would be to point

out the highway of evasion to those who are desirous of circumventing it.

And while cases involving the question of undue influence require the most careful scrutiny, we are nevertheless denied the privilege of determining wherein lies the preponderance of the evidence. There being evidence of probative value to sustain the decision of the trial court to set aside the deeds, the specification of appellants that the decision is not sustained by sufficient evidence is without merit. Nor can we say as a matter of law that the trial court applied wrong principles of law to the facts established by the evidence or that such evidence was without conflict and would lead to but one reasonable conclusion contrary to that of the trial court, and thus, the decision was not contrary to law.

No cogent argument is advanced in support of Specification No. 3, and thus no error on this ground is presented. Specifications Nos. 6, 12, 13, 15, 16 and 20 are concerned with evidence adduced at the trial. However, appellants fail to set forth at any place in their brief the questions, answers, objections and rulings thereon to such evidence. Where the appellants fail to set forth such questions, answers, objections and rulings thereon, either in their motion for a new trial as set out in the brief, the condensed recital of the evidence, or the argument portion of the brief, the error which appellants attempt to raise is waived. See *Guerrettaz* v. *Public Service Co. of Ind.* (1949), 227 Ind. 556, 87 N. E. 2d 721, and cases cited.

Specification No. 22, that the damages assessed by the court are excessive, is a proper assignment only in cases in tort, *Cline* v. *Rodabaugh* (1933), 97 Ind. App. 258, 179 N. E. 6, and thus presents no question here.

The judgment of the trial court is therefore affirmed.
Judgment affirmed.

Myers, C. J., Ax and Cooper, JJ., concurring.

NOTE.—Reported in 164 N. E. 2d 651.