DECATUR-KOCHER LUMBER, INC. *v.* EHRSAM ET AL.

[No. 19,993.   Filed October 13, 1964.]

*Custer & Smith, D. Burdette Custer,* and *Robert G. Smith,* Decatur, for appellant.

*Robert S. Anderson,* of Decatur, for appellees.

MOTE, J.—Appellant brought an action in the trial court against appellees, husband and wife, on an alleged oral contract of agency, for the balance allegedly due for the construction of a residence on real estate owned by said appellees.

The complaint alleged that appellant is the successor to Kocher Lumber and Coal Company by virtue of a merger of said company, which actually supervised the construction of and furnished the material for said residence, and Decatur Lumber Company, Inc. The complaint, as amended by interlineation, further alleged that it was orally understood between the parties that appellant's predecessor was to serve as agent for the appellees, engage carpenters, plasterers and building contractors, to perform required labor and/or furnish required material for said construction, to pay on behalf of appellees therefor, after which appellees would reimburse appellant's predecessor. The complaint further set forth various items of disbursements aggregating a balance of Three Thousand, Nine Hundred Sixty-Four Dollars and Fifty Cents ($3,964.50), paid by appellant's predecessor in behalf of appellees, and sought recovery therefor, together with interest thereon.

The appellees filed an Answer in Two Paragraphs, one under Rule 1-3, by which they alleged that they were without information as to affirmative rhetorical paragraphs of the said complaint, and two, that on the 19th day of October, 1959, said defendants paid in full the claim and demand sued upon, and attached to said paragraph of answer a copy of a purported receipt from said Kocher Lumber and Coal Company in the amount of Four Thousand, Three Hundred Eighty-Four Dollars and Thirty-Five Cents

($4,384.35) and marked "Pd. in full." Appellant filed a Reply in General Denial.

The cause was submitted to the trial court without the intervention of a jury on the issues thus formed, after which the trial court made a finding in behalf of appellees and rendered judgment accordingly. Although the trial court made what may be considered as a "special" finding of facts, inasmuch as such special finding was not sought by either party, prior to the commencement of the trial, the same must be considered as a general finding. *Mueller* v. *Mueller et al.* (1948), 118 Ind. App. 274, 78 N. E. 2d 667; *Jaggers et ux* v. *Henderson et ux.* (1953), 123 Ind. App. 325, 110 N. E. 2d 341; *Huber et al.* v. *Huber et al.* (1960), 131 Ind. App. 96, 164 N. E. 2d 651.

Appellant filed a Motion for New Trial in which it is asserted that the decision of the court is not sustained by sufficient evidence; the decision of the court is contrary to law; and certain errors occurring at the trial. The assignment of errors filed by appellant in this court is based upon the overruling of said Motion for a New Trial.

The assertions by the parties in this appeal with respect to the required condensed recital of the evidence are such that we have deemed it proper, and even necessary for a complete understanding of this appeal, to search the record in an attempt to glean therefrom the import of such evidence; and in doing so we at once have been faced with the legal proposition of long standing which requires the complainant, appellant in this instance, to provide substantial evidence to prove the material allegations of the complaint so that it fairly may be

concluded that a *prima facie* cause has been established, thus requiring the defendants, appellees in this instance, to proceed with and meet, as well as overcome by a preponderance of the evidence, such established or *prima facie* cause of action. The principles of law thus enunciated are so well established that they need no citation of authorities.

As we have reviewed the record and analyzed the same, we are forced to the conclusion that appellant has not met its lawful responsibility and requirement to prove the material allegations of its complaint through the introduction of evidence, and to establish a *prima facie* case. It will be noted that appellant attempted, in a manner which apparently was not satisfactory to the trial court, in pursuance of a so-called oral agency agreement, to prove (1) the payment of certain monies for labor and, (2) the providing of certain materials for the construction of the residence. Our investigation does not disclose that there was any evidence tending to show that the expenditures made and such materials furnished by appellant were necessary and essential, or that such items were reasonably worth the amounts paid out on account of the book entries and the charges therefor. But for the introduction of the items of account, which is insufficient, there was a failure to establish any amount due and payable to appellant. See §2-1055, Burns' 1946 Replacement, Vol. 2.

We also must conclude from the record that it is devoid of evidence in the establishment, *prima facie,* of an oral agreement between the parties. Appellant did not prove an oral contract. At best, it can be said only that evidence was introduced on which the trial court might have found that there was an implied contract between the parties. The

allegations in a complaint of an oral contract do not authorize the trial court to find that there was in fact an implied contract and base a judgment thereon in favor of plaintiff. *Fidelity and Deposit Company et al.* v. *Standard Oil Company et al.* (1936), 101 Ind. App. 301, 304, 199 N. E. 169, 170.

This court recently had before it for consideration the case of *Michel* v. *Forde* (1963), 135 Ind. App. 360, 191 N. E. 2d 507, in which a legal proposition then was before us, which in some respects at least, was similar to the present one. We then cited *Indianapolis Real Estate Board* v. *Willson et al.* (1933), 98 Ind. App. 72, 187 N. E. 400, which quoted with approval from *Southern Indiana Gas and Electric Company* v. *Winstead* (1931), 92 Ind. App. 329, 175 N. E. 281, as follows:

". . . That a complaint must proceed on some definite theory, which must be adhered to throughout the trial, and upon appeal, is so thoroughly settled that the citation of authorities is unnecessary."

In the *Willson* case, *supra*, this court said:

"The evidence given by the appellees in the trial of the case should sustain the cause of action and verdict upon the theory of the complaint, . . .",

citing *Louisville, N. A. & C. Ry. Co.* v. *Renicker* (1897), 17 Ind. App. 619, 47 N. E. 239, and at page 85 of the Appellate Report, page 404 of North Eastern, this court further said:

" 'It is not sufficient to say that the evidence is sufficient to entitle the appellee to recover upon some theory; but the question is, does it entitle her to recover upon the theory of the issues? The evidence must establish the case made by the

complaint, and, if there is no evidence to sustain the cause of action upon the theory of the complaint, the verdict is contrary to law. As said by the court in Bosseker v. Cramer, supra, [18 Ind. 44]: "We think a verdict which is contrary to law is one which is contrary to the principles of law as applies to the facts which the jury were called upon to try,—contrary to the principles of law which should govern the cause." Machine Works v. Chandler [1877], 56 Ind. 575. In the case of Boardman v. Griffin [1875], 52 Ind. 101, the court said: "*When the trial of a cause is by the court,* instead of a jury, whether the court is required to find the facts specially or not, it *cannot, any more than a jury, go outside of the case made by the pleadings.* In such cases, as well as in others, the parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata,* or not at all. It must be so, in the nature of things, so long as our mode of administering justice prevails. *It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defense, if, on the trial, either or both might abandon such grounds, and recover upon others, which are substantially different* from those alleged." ' "

Thus it will be noted that any other error asserted by appellant would not be available to it on appeal. However, we may state that we here are involved in a negative finding and judgment with ample proof that the account sued upon fully has been paid.

Judgment affirmed.

Hunter, C. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 568.