Robert **EICHLER**, Elizabeth Eichler, and Tom Eichler, Appellants (Defendants Below),

v.

**SCOTT POOLS, INC.**, Appellee (Plaintiff Below).

No. 29A02–8608–CV–276.

Court of Appeals of Indiana, Second District.

Oct. 5, 1987.

Jan E. Helbert, Indianapolis, for appellants.

Thomas E. Dooley, Indianapolis, for appellee.

SULLIVAN, Judge.

Thomas Eichler, a customer of Scott Pools, Inc., backed into the company's 1980 El Camino, which was parked on its lot, on May 10, 1985. The El Camino's front right quarter panel (fender) and passenger door sustained moderate damage. Scott Pools was unable to obtain what it believed was a satisfactory settlement from the insurance company involved, State Farm. The dispute centered on whether State Farm would pay for subsequent damage to the door which Doug Scott (Scott Pools' president) caused by prying the door open.

Scott Pools named Tom Eichler and his parents, Robert and Elizabeth Eichler, as defendants in its Hamilton County small claims action. State Farm was not named as a defendant. Scott Pools asked for damages of $1,000, along with attorney's fees. The court, after trial, entered the following judgment:

> "The court further finds as follows: (1) that the evidence is with the Plaintiff and against the Defendants on the issue of compensatory damages, (2) that the Defendants, through their agent State Farm Mutual Insurance Company, have dealt with the Plaintiff in bad faith, (3) that such conduct warrants the imposition of punitive damages, and (4) that the Plaintiff is not entitled to recover its attorney fees. Judgment for the Plaintiff in the following amounts: (a) $546.42 as compensatory damages, and (b) $2,453.58 as punitive damages. Total judgment for Plaintiff: $3,000.00." Record at 56.

The Eichlers appeal.[1]

We reverse and remand.

■ The Eichlers first contend that the judgment is contrary to law because there is no evidence which would support a judgment against Robert and Elizabeth, Tom's parents. We must agree. There is simply no evidence which would support a finding of liability against the parents. There is no evidence of Tom's age, there is no evidence of Tom's purpose for the trip, and there is no evidence of (nor allegation of) Robert and Elizabeth's independent acts of negligence in permitting use of the vehicle. The evidence shows only that Robert and Eliza-

---

1. Although the Motion to Correct Errors states that it is filed by "The Defendants" (Record at 57), it seeks to attack only the judgment as entered against Robert and Elizabeth Eichler.

beth were State Farm's insureds and that they owned the vehicle. This is an insufficient basis upon which to impose liability. *See Cates v. Long* (1947) 117 Ind.App. 444, 72 N.E.2d 233.[2]

We are mindful that, in considering evidentiary sufficiency, we do not reweigh the evidence and that we are to view the evidence in the light most favorable to the appellee. *Public Service Co. v. Gibbs* (1984) 2d Dist. Ind.App., 460 N.E.2d 992, 993. Nevertheless, where there is a total failure of proof necessary to sustain a determination of liability, a judgment of liability must be reversed.

■ The instant action is a small claims action. Small claims actions are designed to be informal and economical, thereby providing access to the court system to those persons who might otherwise be deterred. Indiana Rules of Procedure, Small Claims Rule 8(A); *see also Potts v. Castillo* (1984) 3d Dist. Ind.App., 460 N.E.2d 996, 998 (goals of access, informality and economy must be balanced with need for procedural guidelines). The informality of the action might occasion informal proof. Yet the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof. It was incumbent upon Scott Pools

to demonstrate that it was entitled to the recovery it sought.[3] *Decatur-Kocher Lumber, Inc. v. Ehrsam* (1964) 136 Ind. App. 397, 399, 201 N.E.2d 568, 569. As to the parents, Robert and Elizabeth, Scott Pools failed to do so. The judgment, as to Robert and Elizabeth Eichler, must be reversed.

The Eichlers next argue that the trial court's imposition of punitive damages was contrary to law and not supported by sufficient evidence. We agree.

As noted, State Farm was not a party to the action. The punitive damages award was apparently based upon a theory that State Farm's conduct (failing to settle with Scott Pools) was imputable to the Eichlers because State Farm was the Eichlers' agent.[4]

■ A claimant has no standing to sue the defendant's insurer for handling a claim negligently or in bad faith. *Bennett v. Slater* (1972) 3d Dist., 154 Ind.App. 67, 289 N.E.2d 144. There is no duty running from the insurer to the claimant to settle a claim, nor is the claimant a third-party beneficiary of the duty owed the insured by the insurer. *See Winchell v. Aetna Life & Cas. Ins. Co.* (1979) 1st Dist., 182 Ind.App. 261, 394 N.E.2d 1114, 1116; *cf. Martin v. Levinson* (1980) 3d Dist. Ind.App., 409 N.E.

---

2. Scott Pools presented no argument, either to the trial court or to this court, which would indicate the basis upon which it seeks to impose liability upon the parents. A cursory search reveals possible theories of recovery. One is the $2,500.00 liability imposed upon parents for harm caused by a child, if the child is living with the parent and in the parent's custody. I.C. 34–4–31–1 (Burns Code Ed.Repl.1986). This statutory provision requires, however, that the child's harm be caused intentionally. Two other theories are those of principal-agent and master-servant. Indiana has rejected the "family purpose" doctrine of vicarious liability. *Wimp v. Anthis* (1979) 1st Dist. Ind.App., 396 N.E.2d 918. To what extent any of these theories might have been successful, we will not speculate. There is a suggestion, unverified, that the driver, Tom Eichler, was 45 years old. In any event, Scott Pools' only proof was that of ownership, which does not *ipso facto* provide a basis for liability of the parents.

3. Because Scott Pools bore the *evidentiary* burden to support its theory of recovery, we must reject Scott Pools' argument that the Eichlers waived the issue of the parents' vicarious liability by failing to *argue* the issue in their post-trial

proposed findings of fact and conclusions of law. Moreover, a review of those proposals discloses that the Eichlers tendered a finding that the parties had stipulated that Tom Eichler was 45 years old, and that the Eichlers proposed judgment be entered against Tom Eichler only. Under these circumstances, waiver of the issue did not at all occur.

4. Our review of this issue, as with the issue of vicarious liability, is hampered by the parties' failure to articulate legal and factual theories at both trial and on appeal. The informality of the small claims process does not excuse the parties, when represented by counsel, from the obligation to present their cases in a clear manner facilitating disposition and review. Scott Pools argues that the trial court's judgment is supportable on the grounds of public policy, based on the "insurance crisis." Yet the plaintiff does not describe the nature of that crisis, or precisely how the crisis would be resolved by, as Scott Pools argues, imposing a general, additional duty on insurers to deal with third party claimants.

2d 1239, 1244, *trans. denied* ("While Insurer must protect the interests of its insured it is under no affirmative duty to protect the rights of injured third parties."). However, neither of these principles were (at least superficially) rejected in the present case. The judgment was rendered against the Eichlers.

 Generally, when an insurer undertakes the obligation to defend the insured, the insurer includes in the policy a non-interference clause, which serves to "invest the insurer with the complete control and direction of the defense or compromise of suits and claims...." 44 Am.Jur.2d *Insurance*, § 1393, p. 326 (1982). Consequently, the mere existence of an insurance contract does not create an agency relationship between insured and insurer when the insurer is conducting settlement negotiations or defense. *Martin, supra,* 409 N.E.2d at 1245. The insurer in that particular setting is operating more in the nature of an independent contractor. *Id.* Thus the trial court's disposition here, imputing State Farm's actions to the Eichlers upon a theory of agency, is erroneous. Moreover, Scott Pools has failed to demonstrate any other operative facts or conditions which would indicate that a different relationship existed between State Farm and the Eichlers.[5] The judgment as to punitive damages is therefore contrary to law. As earlier noted the judgment is attacked only as to Robert and Elizabeth Eichler. However, as to punitive damages, it must be set aside as to all defendants because it has no basis in law.

The judgment as to compensatory damages is reversed as to Robert and Elizabeth Eichler and, as to punitive damages, is reversed as to all defendants. The cause is remanded for further proceedings consistent with this opinion.

SHIELDS, P.J., and HOFFMAN, J., concur.

5. There is no suggestion that the oppressive conduct attributed to State Farm was occasioned at

the instance of the Eichlers.