Marlene MOLZAHN, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, d/b/a Deerbrook Insurance Company, Defendant.

No. A4–02–40.

United States District Court, D. North Dakota, Northwestern Division.

Feb. 20, 2004.

Lee J. Balerud, Minot, ND, for plaintiff.

Michael J. Morley, Grand Forks, ND, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HOVLAND, Chief Judge.

This action arises out of damages allegedly sustained by the plaintiff, Marlene Molzahn, in an automobile accident in the state of Indiana. On March 7, 2002, Molzahn initiated the above-entitled action against the defendant, Allstate Insurance Company, d/b/a Deerbrook Insurance Company, in state district court of Ward County, North Dakota. Allstate Insurance Company subsequently removed the action to this Court and, on January 14, 2004, filed a Motion for Summary Judgment. No response has been served to date by Molzahn. Under Local Rule 7.1(C), Molzahn's failure to file a response may be deemed that the motion is well taken. Nevertheless, for the reasons stated below, the motion is granted.

## I. BACKGROUND

On September 10, 1999, a motor vehicle accident occurred when cars driven by Marlon Yoder and Corinne Avery collided near Shipshewana, Indiana. Apparently, Avery had stopped at an intersection and was waiting to make a left-hand-turn when she was struck by Yoder. The plaintiff, Marlene Molzahn, was a passenger in Avery's car. Molzahn sustained leg, neck, and back injuries in the collision. At the time of the accident, Molzahn and Avery were both insured under separate policies issued by State Farm Insurance Company while Allstate Insurance Company insured the car driven by Yoder. At the time of the accident Molzahn was a North Dakota resident and Yoder was a resident of Indiana. Allstate Insurance Company is an Indiana corporation.

On March 7, 2002, Molzahn filed an action against Allstate Insurance Company in state district court of Ward County, North Dakota. She alleged that Yoder was negligent and that Allstate Insurance Company had engaged in bad faith, fraud, and unfair insurance claims practices under North Dakota law. According to Molzahn, Allstate Insurance Company had duped her into not seeking legal recourse until after the applicable statute of limitations had expired.

On March 28, 2003, Allstate Insurance Company filed a Notice of Removal. Allstate Insurance Company filed a Motion for Summary Judgment on January 14, 2003. The basis for Allstate Insurance Company's motion is that it owed no duty to Molzahn; that Molzahn's action is time-barred; and that Molzahn is precluded under either Indiana or North Dakota law from directly suing an insurer.

## II. STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Graning v. Sherburne County*, 172 F.3d 611, 614 (8th Cir.1999). A fact is "material" if it might effect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376 (8th Cir.1996).

The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed. R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. LEGAL DISCUSSION

### A. CHOICE OF LAWS

The Court's exercise of jurisdiction over this dispute is predicated upon the parties diversity of citizenship. Consequently, to determine whether North Dakota or Indiana substantive law applies, the Court must apply North Dakota's choice of laws rules. See *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 208 (8th Cir.1987) ("In diversity of citizenship cases the district court must apply the choice of laws rules of the state in which it sits.").

In determining which state law applies, North Dakota courts employ the "significant contacts test." *Id.*; see *Daley v. American States Preferred Ins. Co.*, 587 N.W.2d 159, 161 (N.D.1998). "The significant contacts test authorizes a court to look at all of the significant factors which might logically influence it in deciding which law to apply and choose the law of the state that has the greatest contacts with the case." *Daley v. American States Preferred Ins. Co.*, 587 N.W.2d 159, 161 (N.D.1998). The specific contacts to be considered in tort cases are:

the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, nationality, residence, place of business, or place of incorporation of the parties; and the place where the relationship, if any, between the parties is centered.

587 N.W.2d 159, 162 n. 3.

In this case, the application of the "significant contacts tests" weighs in favor of Indiana. The accident giving rise to the present lawsuit occurred in Indiana. Marlon Yoder, the driver responsible for the accident, is a resident of Indiana. Allstate Insurance Company is incorporated in Indiana and has its principal place of business in Indiana. Although Allstate Insurance Company is admittedly licensed to do business in North Dakota, its connection to North Dakota bears little relevance to the present litigation. Allstate Insurance Company's relationship with Yoder is centered in Indiana and the insurer issued the policy in question pursuant to Indiana law. Aside from its contact with Molzahn following the accident, Allstate Insurance Company has no ties to Molzahn.

The Court has reviewed the record and finds that North Dakota lacks sufficient or significant contacts with this litigation to warrant the application of North Dakota substantive law. Rather, given the facts underlying this dispute, it is clear that Indiana substantive law should control.

## B. STATUTE OF LIMITATIONS

■ The parties agree that Indiana has a two-year statute of limitations for the commencement of a personal injury action arising out of the automobile accident caused by Yoder. See Joint Final Pretrial Statement (Docket No. 15), ¶ 6(d); see also Ind.Code Ann. § 34–11–2–4 ("An action for: (1) injury to person or character, (2) injury to personal property; or (3) a forfeiture of penalty given by statute; must be commenced within two (2) years after the cause of action accrues."). It is clear and undisputed that Molzhan's cause of action accrued on September 10, 1999. Under Indiana law, the statute of limitations required that Molzhan commence an action within two years or on or before September 10, 2001. Molzahn did not initiate a lawsuit against Marlon Yoder or Allstate Insurance Company until March 2002. Thus, it is clear that the action would be considered untimely under Indiana law.

■ The Court notes that Molzhan has acknowledged that she did not institute an action against Allstate Insurance Company until after Indiana's 2–year statute of limitations had expired. Nevertheless, Molzahn contends that Allstate Insurance Company acted in bad faith, committed fraud, and engaged in unfair insurance claims practices under North Dakota law. Specifically, she contends that Allstate Insurance Company had "lulled her into complacency" during settlement negotiations and "trick[ed] her into not taking further action to protect her legal rights until [Allstate Insurance Company] could raise the statute of limits defense." See Complaint (Docket No. 1).

■ Although Allstate Insurance Company's alleged misconduct raises some red flags, it was not beholden to Molzahn. *Menefee v. Schurr*, 751 N.E.2d 757, 760 (Ind.Ct.App.2001) (A duty of good faith "has not been held to exist with respect to a third party claim."). The law in the State of Indiana is clear:

A claimant has no standing to sue the defendant's insurer for handling a claim negligently or in bad faith. There is no duty running from the insurer to the claimant to settle a claim, nor is the claimant a third-party beneficiary of the duty owed by the insured to the insurer.

*Eichler v. Scott Pools, Inc.*, 513 N.E.2d 665, 667 (Ind.Ct.App.1987); see *Brady v. Allstate Indem. Co.*, 788 N.E.2d 916, 920 (Ind.Ct.App.2003) ("While Indiana law recognizes a legal duty implied in all insurance contracts for an insurer to deal in good faith with its insured … this duty of good faith does not apply to an insurer's dealings with a claimant in a third party claim"); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind.App.Ct.2002) ("There is a legal duty implied in insurance contracts that the insurer deal in good faith with its insured. However, the duty does not extend to claimants other than the insured."); *Martin v. Levinson*, 409 N.E.2d 1239, 1244 (Ind.App.Ct.1980) ("While Insurer must protect the interests of its insured it is under no affirmative duty to protect rights of injured third parties.").[1]

Molzahn has never been insured by Allstate Insurance Company. In addition, Molzahn never submitted a claim to Allstate Insurance Company for settlement. The record reveals that State Farm Insurance Company (Molzahn's insurer) had contacted Allstate Insurance Company to discuss subrogation and was covering Molzahn's medical expenses in the interim. Molzahn also contacted Allstate Insurance Company to inform the company of her prognosis and to address any complaints it may have had concerning her medical expenses. However, there is nothing in the record to suggest that Allstate Insurance Company had ever made a settlement offer to Molzahn; that Allstate Insurance had ever received a settlement offer from

Molzahn; or that the company had either prevented or discouraged Molzahn from seeking legal representation. Molzahn could have easily sought legal assistance and advice in Indiana and could have investigated the applicable statute of limitations if she had so chosen. Allstate Insurance Company may have not encouraged Molzahn to obtain an attorney or counseled Molzahn on the consequences of her inaction, but it was under no affirmative duty to protect the rights of injured third parties such as Molzahn.

## C. THIRD PARTIES' ABILITY TO DIRECTLY SUE AN INSURANCE COMPANY

■ Molzahn has never been insured by Allstate Insurance Company and is a third party to the insurance contract Allstate Insurance issued to the owner of the car driven by Yoder. Indiana law and North Dakota law are similar in the respect that neither state affords a third party such as Molzahn with an unfettered, direct cause of action against an insurance company. See *Menefee v. Schurr*, 751 N.E.2d 757, 761 ("An injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer.") and *Dvorak v. American Family*, 508 N.W.2d 329, 331 (N.D.1993) ("Absent a clause in the insurance contract bestowing the right to bring a direct action against the insurer, an injured party's claim must be asserted against the tortfeasor, not the tortfeasor's insurer."). Molzahn has not demonstrated that Allstate Insurance Company's policy

1. In North Dakota, courts have taken a similar stance with respect to the duty or lack thereof owed by an insurer to a third party. For example, in *Farmer's Union Central Exchange, Inc. v. Reliance Ins.*, 626 F.Supp. 583, 588 (D.N.D.1985), the United States District Court for the District of North Dakota opined that the defendant had no legal or equitable obligation to apprise the plaintiffs of the existence of a one-year statute of limitations as such knowledge was accessible to all parties. In *Dvorak v. American Family Mut. Ins. Co.*, the North Dakota Supreme Court held that "[a]n insurer's duty to negotiate in good faith its contractual responsibilities to the insured does not extend to injured claimants who have no contractual relationship with the insurer." 508 N.W.2d 329 (N.D.1993).

bestowed a right upon third parties to bring a direct action against the tortfeasor's insurer. Consequently, regardless of which state law applies, Molzahn is precluded from pursuing an action against Allstate Insurance Company, the insurer of the car driven by Yoder.

## IV. CONCLUSION

Allstate Insurance Company's Motion for Summary Judgment (Docket No. 17) is GRANTED. Molzhan's claims are barred by Indiana's two-year statute of limitations. In addition, Molzahn cannot sustain a direct claim against Allstate Insurance Company under either Indiana or North Dakota law.

IT IS SO ORDERED.