Donna E. WINCHELL,
Plaintiff-Appellant,

v.

AETNA LIFE & CASUALTY INSURANCE COMPANY and G. L. Garner,
Defendants-Appellees.

No. 1–679A158.

Court of Appeals of Indiana,
First District.

Sept. 27, 1979.

---

Richard H. Adin, Matthews & Shaw, P. C., Evansville, for plaintiff-appellant.

William E. Statham, Clark, Statham, McCray, Clark & Thomas, Evansville, for defendants-appellees.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff Donna E. Winchell appeals the Vanderburgh Superior Court's dismissal of her complaint against defendants Aetna Life & Casualty Insurance Company and G. L. Garner.

We affirm.

## FACTS

Cody Winchell, the minor child of Donna E. Winchell, was allegedly injured while on property owned by the University of Evansville. The University was insured by Aetna Life & Casualty Insurance Company. Winchell and her child filed suit against the University for damages, and that action was awaiting trial at the time this appeal was filed.

After filing suit against the University, Winchell brought an action against Aetna and G. L. Garner, seeking $10,000.00 compensatory damages and $100,000.00 punitive damages. Winchell alleged in her complaint that: Garner was at all times pertinent to the suit employed by Aetna as a regional supervisor; Winchell was insured by Aetna through her employer, Bliss and Laughlin Industries, Faultless Division; Aetna was the insurer of the University of Evansville; prior to filing suit against the University, Winchell had attempted in good faith to settle her claim by negotiation with Aetna through Garner; Aetna and Garner were in a fiduciary relationship to Winchell by reason of Winchell's being insured by Aetna; Winchell made a demand for settlement of the suit against the University in the amount of $2,000.00, but Aetna, through its agent Garner, failed or refused to settle in good faith; Aetna, through its agent Garner, rejected Winchell's offer of compromise and settlement; after she requested that Garner submit her demand to his supe-

riors, he failed to do so, stating that he was not authorized to settle and compromise her claim for $2,000.00 and that he would not submit her demand to his supervisors; Aetna and Garner acted in bad faith, knowingly and intentionally; as a result of the defendants' failure to settle in good faith, and as a result of their breach of their fiduciary relationship with Winchell, she suffered and continues to suffer economic and emotional injuries; because the defendants acted intentionally and willfully with intent to deprive Winchell of her rights, exemplary and punitive damages are warranted.

Upon the motion of Aetna and Garner, the Vanderburgh Superior Court dismissed Winchell's complaint on the ground that it failed to state a claim upon which relief could be granted. Winchell failed to plead over and instead filed a motion to correct errors, which was overruled.

## ISSUE

The sole issue presented in this appeal is whether or not the trial court erred in dismissing Winchell's complaint.

## DISCUSSION AND DECISION

Winchell begins her argument by citing numerous authorities which describe the standard to be applied in considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(6) and (D). Most of the principles upon which Winchell relies were neatly summarized in *State v. Rankin*, (1973) 260 Ind. 228, 230–31, 294 N.E.2d 604, 606, where Justice Hunter wrote:

"This Court has noted that in a typical 12(B)(6) situation, a complaint is not subject to dismissal unless it *appears to a certainty* that the plaintiff would not be entitled to relief under *any set of facts*. . . . The rules do *not* require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called

notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation. Other means less drastic than dismissal of the action can be used to clarify the theory and basis for the cause of action. Among these are a Motion for a more definite statement under TR. 12(E), our very broad discovery rules, and the pre-trial conference under TR. 16(A)(1). We might note that certain cases from the Court of Appeals apparently state that the plaintiff is required to state in his complaint the theory upon which his claim is based. . . . Although a statement of the theory may be highly desirable, it is not required. When no evidence has been heard or no affidavits have been submitted, a 12(B)(6) motion should be granted only where it is clear from the *face* of the complaint that under no circumstances could relief be granted. . . ." (Original emphasis; citations omitted)

However, there is another established principle to be applied in reviewing a TR. 12(B)(6) dismissal to which Winchell has directed our attention: the Court of Appeals "must . . . consider the allegations of the . . . complaint as true on their face with all inferences most favorable to the plaintiff." *Gladis v. Melloh,* (1971) 149 Ind.App. 466, 469, 273 N.E.2d 767, 769. Applying this last rule to the allegations of her complaint, Winchell concludes that it must be accepted as true for the purposes of a consideration of the motion to dismiss that the defendants were in a fiduciary relationship with the plaintiff. This, along with the other allegations in her complaint, Winchell believes to be sufficient to state claim upon which relief can be granted.

We have previously held that the successful plaintiff in a personal injury suit cannot maintain an action against the defendant's liability insurer for failure of the insurer to make a reasonable effort to compromise the plaintiff's claim against the defendant-insured. In *Bennett v. Slater,* (1972) 154 Ind. App. 67, 289 N.E.2d 144, Bennett, the plaintiff-appellant, recovered $20,000.00 for injuries received in an automobile accident involving Slater, the defendant-insured. Slater's insurer, Travelers, had previously offered the plaintiff $1,500.00 in settlement of her claim, but the plaintiff refused the offer. Instead, she offered to settle for $10,000.00, the limit of liability under the defendant's policy with the insurer. That offer was refused by the insurer. After obtaining her judgment against the defendant, the plaintiff sued the defendant's insurer for its alleged failure to reasonably attempt to settle her claim against the defendant and for its failure to consider the interest of the defendant in light of the risk of recovery beyond the policy limits. The insurer's motion to dismiss for failure of the plaintiff to state a claim in her complaint was sustained by the trial court.

In *Bennett,* at page 70 of 154 Ind.App. at page 146 of 289 N.E.2d, we considered the issue of "whether an injured party, . . ., would have standing to directly sue the insurer for its negligence where the insured refuses himself to sue."[1] We found initially that it was not a situation where the defendant-insured had assigned his chose in action to the plaintiff, where a trusteeship in bankruptcy was involved, or where the insurer had refused to honor its policy. At pages 73 and 74 of 154 Ind.App., at page 148 of 289 N.E.2d, we disposed of the plaintiff's arguments as follows:

"The theory of non-liability of the insurer to the creditor has been discussed exhaustively by Professor Robert F. Keeton, as follows:

'The excess liability of company arises out of the relationship between insured and company. Claimant is a stranger to that relationship. Not only is company without any duty to claimant to accept claimant's reasonable settlement offer, but also, if there is a sizeable

---

1. Slater refused to be made a party plaintiff, and Bennett then joined him as a party defendant.

disparity between the settlement offer and the amount of the judgment obtained in the trial which follows refusal of the offer, claimant is benefited rather than harmed by company's refusal to settle.' Keeton, *Liability Insurance and Responsibility for Settlement,* 67 Harv.L.Rev. 1136, 1176 (1954). With this statement the cases cited in support of Travelers' contention and this court agree. We can see of no duty owed to appellant by Travelers and cannot find support for the argument that appellant is a third party beneficiary to this duty by Travelers to Slater.

\* \* \* \* \* \*

Plaintiff-appellant further contends that the doctrine of subrogation should be applied with Slater as creditor, Bennett as subrogee, and Travelers as subrogor. Plaintiff argues that she is entitled to step into the shoes of Slater and sue in his stead. However, in our opinion, subrogation does not apply here."

Consequently, we held that the plaintiff had no standing to bring an action directly against the insurer for negligence in failing to settle the suit against the insured.

*Bennett* would be dispositive of the case at bar except that (1) there is no indication here that the University is unwilling to sue the defendants itself and (2) Winchell has alleged that Aetna is both her insurer and the University's insurer and that Aetna and Garner were in a fiduciary relationship with her as a result of her being insured by Aetna.

As far as the first difference is concerned, we find that it does not distinguish *Bennett* and that, if it has any effect, it gives the holding in *Bennett* even greater significance in this case. If a party with a claim against the insured cannot maintain an action against the insurer even when the insured refuses to sue, then surely the claimant cannot maintain such an action before the insured indicates that it will not sue its insurer. Moreover, Winchell, unlike Bennett, did not wait until the liability of the insured was established and damages were awarded in the original tort suit before suing the insurer for failure to settle the claim in good faith. Such premature litigation could have the effect of determining the insured's liability prior to its own trial, because the question of the insurer's good faith regarding settlement may be related to the relative strength of the plaintiff's case against the insured.

Winchell bases her allegation of a fiduciary relationship upon her being insured by Aetna at her place of employment. However, nothing in Winchell's complaint even suggests that the alleged breach of fiduciary relationship by failure to settle in good faith involved a claim under her own insurance coverage by Aetna. Rather, her allegation of breach is based upon the defendants' failure to settle her claim against the University. In rhetorical paragraph seven of the first count of her complaint, Winchell alleges as follows:

"7. That prior to filing a lawsuit against the University of Evansville, the plaintiff attempted to settle her claim against said University of Evansville by negotiation with the defendants, Aetna Life and Casualty Insurance Company by and through the defendant, G. L. Garner."

Furthermore, there is no hint in the complaint that the University's policy with Aetna provides that a third party with a claim against the University shall have the same rights against Aetna for failure to compromise in good faith as the University would have. Winchell had an opportunity to plead over but failed to do so, choosing instead to argue the sufficiency of her original complaint.

 Even assuming, as she has alleged, that Winchell was in a fiduciary relationship with the defendants, we are not constrained to hold that Winchell has stated a claim upon which relief can be granted. Winchell is attempting to bootstrap into a better position in her dispute with the University by alleging a fiduciary relationship with Aetna, the party which presumably would be ultimately liable for any damages which might be recovered against the University, up to the limit of liability in the

University's insurance policy with Aetna. However, the fiduciary relationship which allegedly arises from *her insurance policy* with Aetna is totally unrelated to the link which connects Aetna to Winchell's claim against the University, *i. e.,* the *University's insurance policy* with Aetna. Common sense indicates that such a leap in reasoning is imprudent. It stretches the concept of a fiduciary relationship too far to say that a fiduciary relationship established between an insurance company and its insured extends to a lawsuit by that insured against another person insured by the same insurance company. Furthermore, we can conceive of no other duty, whether or not based upon a fiduciary relationship,[2] which could be validly asserted by Winchell in raising a claim against Aetna under the allegations of her complaint. We find as a matter of law that no fiduciary duty or other kind of duty to settle Winchell's claim in good faith could extend, under the allegations in this complaint, to Winchell's action against the University of Evansville.

Consequently, we conclude that the Vanderburgh Superior Court was correct in dismissing Winchell's complaint against Aetna and Garner for failure to state a claim upon which relief can be granted.

Affirmed.

LYBROOK and ROBERTSON, JJ., concur.

---

**2.** The insurer's duty of good faith and fair dealing toward its insured need not arise out of a fiduciary relationship. *Cf. Craft v. Economy Fire & Casualty Company,* (7th Cir. 1978) 572 F.2d 565 (interpreting insurance case law from Indiana and California and applying it to uninsured motorist coverage).