John C. Hamilton, John C. Hamilton, P.C., South Bend, for plaintiff-appellant.

Don G. Blackmond, South Bend, for defendant-appellee.

**Susan MULLEN, Plaintiff–Appellant,**

v.

**CITY OF MISHAWAKA, Defendant–Appellee.**

No. 75A03–8802–CV–49.

Court of Appeals of Indiana, Third District.

Dec. 12, 1988.

Rehearing Denied Jan. 17, 1989.

HOFFMAN, Judge.

Plaintiff-appellant Susan Mullen appeals a summary judgment granted to the City of Mishawaka. The lawsuit arose out of an automobile accident. On a snowy night, Susan Mullen travelled eastbound on Dragoon Trail. She lost control of her Volkswagen bug and slid into the westbound lane of traffic. Her vehicle collided with William Thompson's oncoming Lincoln Continental. Mullen sustained injuries from the accident.

Mullen raises two issues on appeal:

(1) whether the trial court erred in granting summary judgment based upon weather immunity; and

(2) whether the City breached a ministerial duty by failing to place warning signs in the vicinity of the collision.

Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). A genuine issue exists if the trial court would be required to resolve disputed facts, but in order to preclude summary judgment, the conflicting facts must be decisive to the action or a relevant secondary issue. *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, 1186.

■ The trial court granted summary judgment based upon the weather immunity provision of the Tort Claims Act.

IND.CODE § 34–4–16.5–3(3) (1986 Supp.) provides:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\*     \*     \*     \*     \*     \*

(3) The temporary condition of a public thoroughfare which results from weather[.]"

The record indicates that Mullen lost control of her vehicle due to slippery road conditions. According to all evidence presented, snow caused the slippery road conditions. IND.CODE § 34–4–16.5–3(3) exempts governmental entities from liability for losses caused by temporary weather conditions like snow.

Mullen argues that a genuine issue of fact is presented in the deposition of Gary West, the Mishawaka city engineer. West indicated that the City had a problem with storm drainage on Dragoon Trail. Mullen contends this made the condition of Dragoon Trail a recurring danger resulting from more than just the weather. But Mullen failed to connect the drainage problem to her accident. The only reasonable inference that can be drawn from the facts is that snow caused Mullen's car to slide. Mullen presented no genuine issues of material fact indicating that anything other than the temporary and natural accumulation of snow caused the slippery roadway conditions related to her automobile accident.

■ Mullen next contends that Mishawaka breached a ministerial duty by failing to place a warning sign in the vicinity of the accident. Mullen points out that 44 accidents occurred on the stretch of Dragoon Trail where her collision occurred in the 10 years before her accident.

■ A government is immune for policy-making decisions regarding warning sign placement. Immunity may be established by governmental entities who show that the challenged decision was the result of a policy oriented decision-making process. If the municipality engaged in the decision-making process, the court may not judge the wisdom of its decisions. That judgment is left to the political process. *Peavler v. Monroe Cty. Bd. of Com'rs* (1988), Ind., 528 N.E.2d 40, 47.

The deposition of City Engineer Gary West demonstrates that Mishawaka engaged in a policy oriented decision-making process when determining warning sign placement. West diagramed the location of accidents and recommended placement of warning signs to the city council.

"Q. And then on the basis of the resulting diagram do you then make recommendation to the Board of Public Works to change signage?

A. In the City of Mishawaka the actual legislative branch has control over the designation of the signs. The engineer has some authority, but most of the—there must be an ordinance backing up every installation of signs. It has to be formally presented to the council and adopted by the council.

Q. Are you the person that generally would make that report to the City Council?

A. Yes, sir.

Q. And your report would be based in part on that diagram?

A. Yes, sir.

Q. And the diagram of course would be based on the accident reports; correct?

A. Yes, sir.

Q. And an ordinance would be prepared on the basis of what we've just described?

A. Yes, sir.

Q. Your report and the diagram. And the City Council would, based on your report and the draft of the ordinance, enact new legislation which would result in a change of signage?

A. Yes, sir."

Mishawaka is shielded by immunity because it engaged in a policy oriented decision-making process regarding the placement of warning signs on Dragoon Trail.

The trial court correctly granted summary judgment by ruling that the City of Mishawaka was immune from liability as a matter of law.

AFFIRMED.

GARRARD, P.J., and STATON, J., concur.