Bradley **FOREMAN, Judith Foreman, Gregory Garrison, Patricia Garrison, Donald Gray, Linda Gray, John Heroldt, Nancy Heroldt, Michael Komasinski, Ramona Komasinski, Steven Losiniecki, Alita Losiniecki, John White, and Judy White, Appellants (Plaintiffs Below),**

v.

**JONGKIND BROTHERS, INC., Appellee (Defendant/Cross–Plaintiff Below),**

**Indiana Insurance Company, Appellee (Garnishee–Defendant/Plaintiff/Cross–Defendant Below).**

No. 46A04–9304–CV–121.

Court of Appeals of Indiana, Fourth District.

Dec. 6, 1993.

Rehearing Denied Feb. 2, 1994.

Gene M. Jones, William S. Kaminski, Newby, Lewis, Kaminski & Jones, La Porte, for appellants.

Lawrence M. Hansen, Schlyer & Associates, Griffith, for appellee, Jongkind Bros., Inc.

Sherry L. Clarke, Eichhorn, Eichhorn & Link, Hammond, for appellee, Indiana Ins. Co.

MILLER, Judge.

The issue presented is whether an insurer, who refused to defend its insured, is estopped in proceedings supplemental from showing that the damages recovered against its insured were not covered by its insurance policy, where that issue was not adjudicated or necessarily determined by a default judgment entered against its insured. The trial court held the insurer was not estopped and granted summary judgment in its favor.

We affirm.

## FACTS

Indiana Insurance Company was the general liability carrier for Jongkind Brothers, Inc., a homebuilder located in La Porte County. In 1989, a group of Jongkind's customers (the Foreman plaintiffs), sued Jongkind and its officers personally because the roofs on their homes leaked. Jongkind and the Foreman plaintiffs notified Indiana Insurance. After an investigation, Indiana Insurance refused to defend Jongkind because there was no policy coverage for damages caused by Jongkind's poor workmanship (there was no tar paper or underlayment installed under the shingles).

Jongkind retained its own counsel and, on November 21, 1990, and without notice to Indiana Insurance,[1] entered into an agreed judgment with the Foreman plaintiffs in which the corporate officers (the Jongkind brothers) were dismissed with prejudice and default judgment was taken against the corporation.[2] The Foreman plaintiffs then filed a motion for proceedings supplemental against Indiana Insurance. As a defense, Indiana Insurance claimed the damages were not covered by Jongkind's policy and also filed a declaratory judgment action against Jongkind. About three and a half months later, both actions were consolidated. Multiple motions for summary judgment were filed and, after a hearing on December 9, 1992, the trial court granted summary judgment in favor of Indiana Insurance and against the Foreman plaintiffs.

## DECISION

The Foreman plaintiffs claim the trial court erred because Indiana Insurance was collaterally estopped by the judgment entered against its insured, Jongkind, from showing that the damages were not cov-

1. The Foreman plaintiffs state they kept Indiana Insurance apprised of all court proceedings, including sending it:

   1. Pre-trial contentions;
   2. List of witnesses to be called at trial;
   3. List of exhibits to be used at trial; and
   4. Pre-trial Order of the Court.

Reply Brief at 3 citing R. 593. Page 593 of the Record is a photo copy of a purported letter from the Foreman plaintiffs' counsel to Indiana's claim representative which states in pertinent part:

November 27, 1989

Steve Yoder
Claims Representative
Indiana Insurance
RE: Your Claim No: 3–081–132
    Your Insured: Jongkind Brothers
    Our File No: 89–117–J
Dear Mr. Yoder:
In order that you may not claim prejudice at any later date, I am enclosing herewith copies of the following pre-trial information:
   1. Contentions, List of Witnesses, List of Exhibits, and

2. Pre–Trial Order entered November 20, 1989.
Inasmuch as your company does not believe it is bound by the terms of the contract of insurance, my client [sic] will not limit their damages to the meager liability limits that your company has afforded in this particular case.
If you desire any further information relating to these claims, please feel free to contact me. This copy is unsigned and the enclosures are not attached.

2. The judgment awarded the seven Foreman plaintiffs: (1) $33,128.36 for repairs to the roofs; (2) $125,761.76 for repairs to the interiors and other expenses incurred by the Foreman plaintiffs; and (3) $66,000.00 for emotional distress and lost work time. The Foreman plaintiffs received partial satisfaction of this judgment, i.e., a cashiers check for $14,000 dated November 21, 1990, and a deed to a piece of real estate valued at $30,000. R. 205, 386–390. The Foreman plaintiffs deferred execution on their judgment against Jongkind pending the outcome of their proceedings supplemental against Indiana Insurance Co. R. 390.

ered by its policy in the proceedings supplemental.[3]

The trial court's Order states in pertinent part:

*HEARING DATE:* October 21, 1992

\*    \*    \*    \*    \*    \*

*PURPOSE:* To consider the motion for summary judgment heretofore filed by the Indiana Insurance Company on August 17, 1992, and the motion for summary judgment filed by the plaintiffs, Bradley Foreman, et al on September 11, 1992.

\*    \*    \*    \*    \*    \*

*FINDINGS:*

1. The insurance clause of the comprehensive general liability insurance policy provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury": or "property damage" to which the insurance applies."

2. The policy defines, "bodily injury" to include damages claimed by any person or organization for care, loss of services or death resulting, at any time, from the "bodily injury."

3. The policy defines, "property damage" as "loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the occurrence that caused it."

4. The exclusions relevant to this cause of action follow: "This insurance does not apply to b. (bodily injury) or (property damage) for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. k. "Property damage" to "your product" arising out of it or any part of it. i. Property damage to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

5. The exclusions b., k., and i., clearly eliminate coverage for damages confined to the internal defectiveness of the insured's own work product, resulting from defective materials or defective, negligent or unskilled workmanship.

6. This insurance policy sets forth the general outlines of coverage, that is, for property damage to which this insurance applies. Qualifying phrase, "to which this insurance applies" underscores the basic notion that the premium paid by the insured does not buy coverage for all property damage, but only for that type of damage provided for in the policy. The limitations on coverage are set forth in the exclusion clauses of the policy whose function it is to restrict and shape the coverage otherwise afforded.

7. The basic insuring agreement in the comprehensive general liability policy defines property damage, "injury to or destruction of tangible property" and a claim limited to remedying faulty workmanship or materials does not constitute injury to or destruction of tangible property.

8. The coverage does not apply to a warranty of fitness or a warranty that work performed by the insured will be done in a workmanlike manner.

\*    \*    \*    \*    \*    \*

10. Indiana Insurance Company, Plaintiff/Cross-defendant/Garnishee-Defendant is entitled to judgment as a matter of law.

11. Bradley Foreman, et al, plaintiffs, are not entitled to relief for which they seek against the Indiana Insurance Company as Garnishee–Defendant.

■ The Foreman plaintiffs specifically argue that the trial court erred in applying

---

**3.** The Foreman plaintiffs state in their brief the sole issue is:

> Was the garnishee-defendant collaterally estopped to question the damages awarded to plaintiffs, after refusing to defend its insured, and after a default judgment was entered?

Indiana Insurance frames its sole issue on appeal as:

> Whether an insurer is estopped in proceedings supplemental to show that damages recovered against its insured are not within policy coverages, where that issue was not adjudicated or necessarily determined by the judgment.

While it is not clear from the parties' briefs that this issue was argued below, an examination of the record indicates that it was.

the policy exclusions at the proceedings supplemental stage. They claim "Indiana Insurance had a duty to defend its insured, and by failing to raise any policy defenses it had, before judgment was entered, is now estopped from asserting them." Foreman's Brief at 12. Therefore, the question before us is a pure issue of law. In reviewing a motion for summary judgment, we apply the same standard as the trial court. *Malachowski v. Bank One, Indianapolis* (1992), Ind., 590 N.E.2d 559, 562; *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 414. Thus, no deference is given by us to the trial court's judgment. *Church Bros. Body Service, Inc. v. Merchants National Bank & Trust Co. of Indianapolis* (1990), Ind.App., 559 N.E.2d 328, 330.

"Appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. A *pure* question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions." Kenneth M. Stroud 4A *Indiana Practice* § 12.3 (1992 supp.)

The Foreman plaintiffs rely on *Progressive Casualty Insurance Co. v. Morris* (1992), Ind.App., 603 N.E.2d 1380 and *Liberty Mutual Insurance Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. denied*, for their proposition that an insurer *may never* assert any policy exclusions or contract defenses once judgment has been entered against its insured. Their reliance on these cases is misplaced.

*Progressive* and *Liberty Mutual* both involve claims against insurers for personal injuries and property damage resulting from automobile accidents. In *Progressive*, the driver of a motorcycle struck a tractor-trailer head-on. *Progressive, supra.* The motorcyclist was killed, both the driver and the passenger in the tractor were injured. Both of the injured parties sued the motorcyclist's estate alleging negligence. Progressive, after being given notice of the action, took no action to defend their insured. Nor did they appear under a reservation of right or file a declaratory

judgment action. A default judgment was granted against the Estate and a hearing was held to determine damages. The trial court, in entering its findings and conclusions in favor of the plaintiffs, concluded that "the accident was the direct and proximate cause of the negligence and fault" of the motorcyclist. *Id.* at 1382.

The plaintiffs then filed proceedings supplemental against Progressive. Progressive asserted as an affirmative defense that the motorcyclist's actions were intentional and therefore, not covered by its insurance policy. *Id.* The court found that the *issue of negligence* had been decided by the trial court and, thus, collateral estoppel applied and Progressive could not raise its defense in the proceedings supplemental. *Id.* at 1383. The court then explained:

> [A]n insurer is not bound from litigating at the proceedings supplemental defenses it may have under the contract of insurance, such as ... whether the insured was a named insured under the contract of insurance; *however the insurer is bound by issues decided in the underlying tort action.* (Citation omitted); *See Vernon Fire and Casualty Insurance Company v. Matney* (1976), Ind.App., 351 N.E.2d 60, 67 (insurer waived its right to assert defenses which *insured* had to the underlying action; however insurer "retained any defenses which it may have had to the contract of insurance, i.e., fraud, misrepresentation, or collusion, etc."). Here, the complaint stated a cause of action solely in negligence.... Hence, a decision by the court in the prior tort action that Hadley was liable necessarily required a finding of negligence. Progressive is bound by the prior tort action.... (Emphasis added).

*Id.* at 1383–84.

In *Liberty Mutual*, the driver of a semi-tractor got into an argument with his girlfriend at a bar. He left and then drove the semi-tractor into the bar, killing one person and injuring eighteen others. *Liberty Mutual, supra,* at 899. The Powells, two of the injured, sued the driver and obtained a

default judgment. As in *Progressive,* the trial court held a hearing on damages and found in favor of the Powells. The Powells commenced proceedings supplemental against Liberty Mutual, the insurer of the truck owner. Liberty Mutual claimed the driver's actions were intentional and therefore, there was no coverage under the policy. *Id.* at 901. The Powells claimed, and this court agreed, that the issue of whether the driver's actions were intentional or merely negligent had been determined in the underlying tort action and thus, Liberty Mutual was collaterally estopped from raising this issue for the first time in the proceedings supplemental.

The *Liberty Mutual* court distinguished its case from *State Farm Mut. Auto. Ins. Co. v. Glasgow* (1985), Ind.App., 478 N.E.2d 918, *reh'g denied. Liberty Mutual, supra,* at 901–902. *Glasgow* was a small claims action concerning an automobile accident. State Farm, the defendant's insurance company, refused to defend because it claimed the defendant deliberately struck Glasgow's car. At the close of the small-claims trial, the trial judge stated from the bench that the accident was caused by the defendant's negligence. However, the trial court's order book entry did not include its finding of negligence, but merely showed a judgment against the defendant in the amount of $850.00. Glasgow filed for proceedings supplemental against State Farm. We found that a trial court speaks only through its order book. The underlying action did not state a theory of recovery and the trial court's order book entry did not include a finding of negligence. Therefore, the issue of negligence had not been decided in the small claims action and thus, State Farm—unlike Liberty Mutual—was not barred from raising its policy's intentional acts exclusion to bar coverage at the proceedings supplemental. *Liberty Mutual* at 902.

■ Clearly, *Progressive* and *Liberty Mutual* do not stand for the *per se* proposition set forth by the Foreman plaintiffs. An insurer may properly refuse to defend a claim it believes outside the risks covered by the policy; however, it does so at its own peril. *Progressive, supra,* at 1383 citing *Liberty Mutual, supra.* In both *Progressive* and *Liberty Mutual,* the trial court's finding of negligence precluded the insurers' intentional act exclusion defense. In *Glasgow,* because there was no finding of negligence, the insurer was able to raise the intentional act exclusion defense in the proceedings supplemental. Thus, collateral estoppel applies only when a particular issue is actually and necessarily decided in the prior judgment. *Progressive, supra,* at 1383.

The issue in the action below, as stated by the Foreman plaintiffs' complaint, was that Jongkind undertook to build homes for the plaintiffs and failed and refused to finish those homes. The Foreman plaintiffs alleged, that as a result of these acts, their property was damaged and they suffered mental anguish. R. 10.

The default judgment entered against Jongkind states:

2. This defendant [Jongkind] contracted to build a home for each of the plaintiffs in this case and tendered the homes as completed to each of the plaintiffs, when in fact the roof on each home was in a defective condition as a result of defendant's failure to properly ventilate the roof and failure to apply underlayment prior to applying roof shingles.

3. As a result of the failure to apply the underlayment and properly ventilate the roofs, the roofs were slowly leaking and water was accumulating in each of the plaintiff's attics. During a winter storm on December 27, 1988, water suddenly started streaming through their respective ceilings causing damage to their homes. As a result thereof, plaintiffs suffered property damage and personal injuries and the defendant is indebted to each of the plaintiffs as follows:

\* \* \* \* \* \*

Conclusions of Law

2. The defendant's failure to properly ventilate the roof and to apply underlayment before applying shingles to the roof constitute a status of carelessness that can only be characterized as reckless.

The court concludes that the acts of the defendants were not intentional.

3. The acts and/or omissions of defendants have caused both property damage and personal injury to plaintiffs. While the negligent infliction of emotional harm without physical impact is not generally actionable, the evidence shows that the plaintiffs in this case are clearly an exception to this general rule. The construction of a residence with a roof destined to leak shows a callous disregard for the rights of these plaintiffs. The acts and/or omissions of the defendants, by their very nature, were likely to provoke an emotional disturbance in plaintiffs and they did so....

R. 67–68.

■ Because the default judgment entry determined Jongkind's fault, as well as the nature and amount of damages, Indiana Insurance is bound by that finding since it failed to defend, appear under a reservation of right, or file for declaratory judgment in the action below. Therefore, *if,* in the proceeding supplemental action, Indiana Insurance had denied that Jongkind was at fault or contested the nature or amount of damages awarded, it would be estopped from raising those issues as a defense to coverage.

■ Instead, Indiana Insurance denied that the nature of damages incurred by the Foreman plaintiffs as outlined in the default judgment *were covered by the policy.* This *issue* of whether there was any duty upon Indiana Insurance to indemnify Jongkind under the insurance policy was not decided by the default judgment.

Therefore, as in *Glasgow, supra,* collateral estoppel did not apply and Indiana Insurance could raise its policy defenses in the consolidated proceedings supplemental and declaratory judgment actions for the first time. As stated by Indiana Insurance, "as the judgment reads we have no duty to indemnify, because every single item of damages in the judgment is excluded clear-

ly by the policy." R. 629. Or, as stated by counsel for the Foreman plaintiffs at the close of the hearing: "Our motion for summary judgment and Indiana's motion for summary judgment, Your Honor, basically says: Please, interpret the policy, I think, is what we both said." R. 628. The court did exactly as requested—it interpreted the policy—and correctly. The trial court did not err.

■ We do not address the Foreman plaintiff's "duty to defend" argument for two reasons: (1) our conclusion above renders it moot and we do not issue advisory opinions; and (2) the Foreman plaintiffs were not the named insured under the Indiana Insurance policy and, therefore, Indiana Insurance owed them no duty to defend. The Foreman plaintiffs have no contractual or other relationship which gives them standing to make such a claim. *Eichler v. Scott Pools, Inc.* (1987), Ind. App., 513 N.E.2d 665, 667 citing *Bennett v. Slater* (1972), Ind.App., 289 N.E.2d 144.[4]

The decision of the trial court is affirmed.

CHEZEM and SULLIVAN, JJ., concurring.

---

**4.** "There is no duty running from the insurer to the claimant to settle a claim, nor is the claimant a third-party beneficiary of the duty owed the insured by the insurer." *Eichler, supra,* at 667 citing *Winchell v. Aetna Life & Cas. Ins. Co.* (1979), Ind.App., 394 N.E.2d 1114, 1116.