**Michael DIMITROFF and Joann Dimitroff, Appellants–Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Barbara J. Jack, Agent of State Farm Mutual Automobile Insurance Company, Appellees–Defendants.**

No. 45A03–9405–CV–196.

Court of Appeals of Indiana, Third District.

Feb. 22, 1995.

---

Douglas G. Amber, Timothy F. Kelly & Associates, Munster, for appellants.

Ronald P. Kuker, Robert L. Clark, Hoeppner, Wagner & Evans, Valparaiso, for appellees.

## OPINION

STATON, Judge.

Michael Dimitroff and Joann Dimitroff (collectively "Dimitroff") appeal from the trial court's grant of summary judgment against them and in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Dimitroff raises two issues for our review which we consolidate into one and restate as follows: whether the trial court erred in granting State Farm's motion for summary judgment.

We affirm.

The facts most favorable to the judgment reveal that Dimitroff procured liability insurance with State Farm. Dimitroff was then involved in an automobile accident with Melissa Lain ("Lain"). Lain was also insured by State Farm. Pursuant to its policy with Dimitroff, State Farm reimbursed Dimitroff for medical expenses incurred as a result of the accident. Dimitroff subsequently brought a personal injury action against Lain. State Farm made an offer of settlement on behalf of Lain to Dimitroff. Dimitroff declined the offer and filed suit against State Farm. State Farm filed a motion for summary judgment which the trial court granted. The trial court later denied Dimitroff's motion to correct errors and this appeal ensued.

■ Dimitroff contends that the trial court erred when it granted summary judgment in favor of State Farm. When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ On appeal from a grant of summary judgment we must determine whether the trial court correctly applied the law to the undisputed facts and any doubt as to a fact, or an inference to be drawn therefrom, is resolved in favor of the nonmoving party. *Bojrab v. John Carr Agency* (1992), Ind.App., 597 N.E.2d 376, 378. Absent a genuine issue of material fact, this court will affirm a summary judgment based upon any legal theory supported by the record. *Id.*

Dimitroff's liability policy with State Farm states in pertinent part:

When we pay medical expenses under this coverage, we are entitled to be paid out of any subsequent recovery for bodily injury from a liable party or such party's insurer the lesser of:

a. what we have paid; or

b. the amount by which the sum of the total recovery for bodily injury from all liable parties and what we have paid under this coverage exceeds the total amount of reasonable and necessary

medical expenses the injured person incurred.

Record, p. 56.

 In accordance with this policy condition, State Farm offered Dimitroff $7395.67 as settlement for the claim against Lain.[1] Dimitroff then brought suit against State Farm alleging that by including the reimbursement of the medical expenses in the settlement offer, State Farm acted in bad faith and engaged in illegal and unfair settlement practices.

Following a hearing, the trial court granted State Farm's motion for summary judgment dismissing Dimitroff's complaint based upon its finding that State Farm did not have a duty to settle Dimitroff's claim against Lain in good faith. The trial court relied upon *Winchell v. Aetna Life & Casualty Ins. Co.* (1979), 182 Ind.App. 261, 394 N.E.2d 1114 wherein this court determined that no fiduciary relationship exists between a tortfeasor's liability insurer and a claimant even when the claimant is also insured by the same insurer under a separate, unrelated insurance policy.

Dimitroff now contends that State Farm's actions constituted bad faith in that State Farm tried to force a settlement on Dimitroff that would maximize its own recovery under the policy. Dimitroff argues that "by insisting on its own recovery in the context of the third party claim, State Farm has put its interests ahead of the interests of its own insureds." Appellant's Br. at pp. 11–12.

 To support this contention, Dimitroff relies upon *Erie Ins. Co. v. Hickman by Smith* (1993), Ind., 622 N.E.2d 515. In *Erie*, an insured sued her insurer for breach of contract based upon the insured's failure to pay under the policy. Our supreme court created a new cause of action in tort for an insured and determined that an insurer has an obligation to deal with its insured in good faith and fair dealing with respect to the discharge of the insurer's contractual obligations. *Erie, supra,* at 518–519. Such includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.[2] *Id* at 519.

Dimitroff contends that the good faith duty created in *Erie* is applicable here because State Farm specifically "injected first party issues into its negotiations" regarding settlement of the third party claim. Appellant's Br. at p. 13. We disagree.

In the instant case, the insurer, State Farm, was negotiating a settlement on behalf of its insured, Lain. Unlike in *Erie* where the insurer acted in bad faith regarding its contractual obligations to its own insured, Dimitroff bases its claim upon State Farm's actions while discharging its contractual obligations to Lain. Thus, the facts of this case are distinct from those in *Erie* which involved a claim of bad faith regarding dealings between the insured and the insurer only.

Moreover, we find no basis in Dimitroff's contention that State Farm injected first party issues when it considered reimbursement of the medical expenses in its settlement offer. State Farm's policy with Dimitroff specifically included reimbursement for any medical expenses previously paid should Dimitroff receive any subsequent recovery. By deducting the medical expenses out of the final settlement, State Farm merely acted pursuant to an express provision of Dimitroff's policy which limited State Farm's liability and prevented Dimitroff from receiving double recovery of the medical expenses. This limitation is permissible.[3]

---

**1.** This figure is based upon a total settlement of $9750.00 less $2354.33 for medical expenses previously paid.

**2.** The court noted "this cause of action does not arise every time an insurance claim is erroneously denied ... a good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for the breach of the obligation to exercise good faith." *Erie, supra,* at 520.

**3.** It is a well settled rule that insurers are free to limit insurance coverage to meet their needs so long as the exceptions, limitations, and exclusions are plainly expressed. *Allstate Ins. Co. v. United Farm Bureau Mut. Ins. Co.* (1993), Ind. App., 618 N.E.2d 31, 33.

As such, we conclude that the cause of action for a breach of the insured's duty to act in good faith created by the court in *Erie* is not applicable to State Farm in this case and, based upon *Winchell,* we decline to expand this new cause of action beyond first party claims between the insured and the insurer.[4]

Accordingly, we determine that State Farm did not act in bad faith in its offer of settlement and that the trial court did not err when it granted State Farm's motion for summary judgment.

Affirmed.

GARRARD and RILEY, JJ., concur.

---

4. Dimitroff contends that this case is controlled by *Erie* and that the trial court's determination based upon *Winchell, supra,* was erroneous. Because we determined that *Erie* is not applicable, we will address the trial court's ruling based upon *Winchell.* As correctly stated by the trial court, there is no fiduciary relationship between a tortfeasor's liability insurer and a claimant even when the claimant is also insured by the same insurer under a separate, unrelated insurance policy. *Stump v. Commercial Union* (1992), Ind., 601 N.E.2d 327, 334; *Winchell, supra.* As this court stated in *Winchell,* the fiduciary relationship which allegedly arises from an insured's policy with the insurer is totally unrelated to the link which connects the insurer to the insured's claim against the third party; the third party's insurance policy with the insurer. *Winchell, supra,* 394 N.E.2d at 1118. Thus, State Farm's policy with Dimitroff was separate and irrelevant to State Farm's settlement offer to Dimitroff on behalf of Lain. We therefore conclude that the trial court correctly determined that there was no fiduciary duty between State Farm and Dimitroff regarding settlement of Dimitroff's claim against Lain.