Karen L. JACOBS, Appellant–Defendant,

v.

The BOARD OF COMMISSIONERS OF MORGAN COUNTY, The Morgan County Council and The Morgan County Highway Department, Appellees–Plaintiffs.

No. 49A04–9411–CV–468.

Court of Appeals of Indiana.

June 22, 1995.

Transfer Denied Nov. 20, 1995.

Gordon B. Dempsey, Indianapolis, for appellant.

G. Richard Potter, Stephenson Daly Morow & Kurnik, Indianapolis, for appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff Appellant Karen L. Jacobs appeals from the entry of summary judgment in favor of Defendants Appellees the Board of Commissioners of Morgan County, the Morgan County Council and the Morgan County Highway Department (hereinafter collectively referred to as "Morgan County") in her action for personal injury sustained on a Morgan County road.

We reverse and remand.

### ISSUES

One issue is raised for our review, which we restate as: Whether the trial court correctly entered summary judgment in favor of Morgan County pursuant to the immunity provisions of the Indiana Tort Claims Act.[1]

### FACTS AND PROCEDURAL HISTORY

This action arose from an automobile accident involving Karen Jacobs and her husband, Timothy Jacobs. The material facts are not in dispute and reveal that on or about August 26, 1990, Timothy and Karen Jacobs were guests at a house party on Teeters Road in Morgan County. Timothy Jacobs drove the couple's 1988 Buick from Indianap-

olis on State Road 37 to Timothy's co-worker's home on Teeters Road.[2] Karen was a passenger on the trip down to Morgan County and was also a passenger at the time of the accident.

The accident occurred on the Jacobses' return trip to Indianapolis. They left the party at approximately 12:30 a.m. and headed south on Teeters Road. Timothy drove the car while Karen rested in the back seat. It was a dark and foggy night and Timothy did not see an unmarked ninety degree curve in Teeters Road. When Timothy was unable to negotiate the turn, the car left the road and hit a tree.

As a result of the collision, Karen Jacobs sustained injuries consisting of a disfiguring lip injury, a broken nose and tooth, and other facial damage including a partially deviated septum. The Jacobses alleged in their complaint that the vicinity of the turn where the accident occurred was negligently maintained and/or designed by Morgan County, and that the County's negligence proximately caused the accident. Karen alleges in the complaint that due to her injuries, she has incurred medical expenses, loss of income, pain and suffering, loss of personal time, loss of enjoyment of life, and impairment of earning capacity. Morgan County denied all material allegations in its answer and raised several affirmative defenses alleging that the Jacobses were contributorily negligent, incurred the risk, and that the County was immune from liability pursuant to various sections of I.C. 34–4–16.5–3 (1994).

The County moved for summary judgment alleging that there was no genuine issue of material fact and that the County was immune from civil liability pursuant to I.C. 34–4–16.5–3 for the performance of a discretionary function and for the design of a public thoroughfare. Thus, the County alleged that it was entitled to judgment as a matter of law. The County specifically designated the following materials in support of its motion for summary judgment: the complaint and answer, the affidavits of Steven S. Wegman,

---

1. The Indiana Tort Claims Act is codified at IND.CODE 34–4–16.5 through I.C. 34–4–16.5–22 (1994).

2. Teeters Road is one mile east of State Road 37 in Morgan County.

Robert W. Garner, Charles W. Thacker and Gary B. Carrell.

The Jacobses filed their opposition to the County's motion for summary judgment and specifically designated the following materials in support of their motion: the deposition of Steven Wegman, Wegman's responses to interrogatories 2, 7, 8, 9, 10, 11, 12 and 15, Morgan County Ordinance 6–1–5 and 6–1–5.1 or the renumbered 6–1–5–1 and 6–1–5–2 and the Indiana Manual of Uniform Traffic Control Devices.

After hearing argument on Morgan County's motion for summary judgment, the trial court denied the motion on July 1, 1994. Morgan County filed a motion to reconsider and the trial court granted the motion and issued an order granting the County's motion, citing *Voit v. Allen County* (1994), Ind. App., 634 N.E.2d 767, *reh'g dismissed, trans. denied.* The trial court did not issue specific findings of fact and conclusions of law. Karen Jacobs appeals.

## DISCUSSION AND DECISION
### Standard of Review

■ Before reaching the merits of this appeal, we recite the familiar standard of review by which we review the granting of motions for summary judgment. When reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *American Family Mut. Ins. Co. v. Dye* (1994), Ind. App., 634 N.E.2d 844, 846, *reh'g denied, trans. denied.* Thus, no deference is given to the trial court's judgment. *Foreman v. Jongkind Bros., Inc.* (1994), Ind.App., 625 N.E.2d 463, 467, *reh'g denied.*

■ Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). When the parties do not dispute the facts material to the claim, our task is to determine whether the trial court correctly

applied the law to the undisputed facts. *O'Neal v. Throop* (1992), Ind.App., 596 N.E.2d 984, 986, *trans. denied.*

■ On appeal, we will carefully scrutinize the trial court's determination to ensure that the non-prevailing party is not improperly denied his day in court. *Perryman v. Huber, Hunt & Nichols, Inc.* (1994), Ind.App., 628 N.E.2d 1240, 1243, *trans. denied.* We consider only the materials designated to the trial court to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. T.R. 56(C). We liberally construe all inferences and resolve all doubts in the non-movant's favor. *Id.*

### The Indiana Tort Claims Act

Jacobs argues that Morgan County is not immune from liability under the Act. Specifically, she contends that the vicinity of the turn where her accident occurred was negligently maintained and/or designed by the County in the following respects: lack of turn signs, lack of advisory speed plates, lack of a center line, lack of edge lines and lack of reflectors or other warning indicators. Morgan County contends that, as a governmental entity, it is immune from liability. Specifically, the County argues that it is entitled to discretionary and design immunity pursuant to the Indiana Tort Claims Act (hereinafter referred to as "the Act").[3]

The Act's non-liability subsection provides in pertinent part as follows:

[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:

\* \* \* \* \* \*

(6) the performance of a discretionary function;

\* \* \* \* \* \*

(16) design of a highway (as defined in IC 9–13–2–73), if the claimed loss occurs at

---

3. We note that while the County did not completely abandon its discretionary immunity argument, it focused exclusively on design immunity at the summary judgment hearing and in its brief. We further note that the trial court did not articulate the theory upon which it granted the County's motion for summary judgment.

least twenty (20) years after the public highway was designed or substantially redesigned; except that this subdivision shall not be construed to relieve a responsible governmental entity from the continuing duty to provide and maintain public highways in a reasonably safe condition;

\* \* \* \* \* \*

I.C. 34–4–16.5–3.

■ Whether a governmental entity is immune from liability under section 16.5-3 of the Act is a question of law for the courts. *Voit*, 634 N.E.2d at 769. Because the Act is in derogation of the common law, it is narrowly construed against the grant of immunity. *Mullin v. Municipal City of South Bend* (1994), Ind., 639 N.E.2d 278, 281. The party seeking immunity bears the burden of proving that its conduct falls within the Act, and thus is shielded from liability. *Id.* As we alluded to previously, we do not know whether the trial court found immunity based on section (6) or section (16) of the Act. Therefore, we will address both theories.

### A. Design of a Public Highway

■ According to I.C. 34–4–16.5–3(16), when the claimed loss results from the design of a public highway, the County is immune from civil liability if the loss occurs at least 20 years after the highway was designed or substantially redesigned. The designated evidentiary material reveals that the design of Teeters Road predates the late–1800's. Jacobs's accident occurred in 1990, and thus clearly falls within the design immunity section.

Although any allegations of negligence regarding the original design of Teeters Road are insulated from liability due to design immunity, we are not persuaded as a matter of law that Jacobs alleges defects in the original design of the road. Rather, she argues that the County should have added signage in the interest of public safety on this treacherous turn. Therefore, this is not a matter susceptible to treatment under subsection (16), but rather is more appropriately analyzed under subsection (6).

Furthermore, I.C. 9–13–2–73 (1988) defines highway or street as "the entire width between the boundary lines of every publicly maintained way when any part of the way is open to the use of the public for purposes of vehicular travel. The term includes an alley in a city or town." Because "signage" is not included in this definition, we cannot say as a matter of law that signage is design within the meaning of I.C. 34–4–16.5–3(16). *See Voit*, 634 N.E.2d at 769 (I.C. 34–4–16.5–3(16) is not applicable and will not serve as a basis for granting immunity when plaintiffs seek improvements to the current design of a highway and do not allege defects in the original design).

### B. Discretionary Immunity

■ In construing the discretionary immunity section of the Act, our supreme court adopted the "planning-operational" test in *Peavler v. Board of Comm'rs of Monroe County* (1988), Ind., 528 N.E.2d 40. This standard essentially provides that a governmental entity will not be held liable for negligence arising from decisions made at the planning level, as opposed to the operational level. *Id.* We recently explained the test as follows:

> Under the [planning-operational] test, if the decision of the governmental entity was a 'planning' activity, that is a function involving the formulation of basic policy characterized by official judgment, discretion, weighing of alternatives, and public policy choices, then the decision is discretionary and immune under I.C. 34–4–16.5–3(6). Government decisions about policy formation which involve assessment of competing priorities, a weighing of budgetary considerations, or the allocation of scarce resources are also planning activities. On the other hand, if the function is 'operational', for example decisions regarding only the execution or implementation of already formulated policy, the function is not discretionary under the statute and no immunity attaches.

*City of Crown Point v. Rutherford* (1994), Ind.App., 640 N.E.2d 750, 752, *reh'g denied, trans. denied,* (citing *Voit*, 634 N.E.2d at 769–70). Morgan County may be immune from liability if it can establish that the challenged decision was the result of a policy-oriented decision-making process. If the

County is successful in this, then we may not judge the wisdom of the governmental body's decision. Rather, that judgment is left to the political process. *Peavler*, 528 N.E.2d at 45.

■ The *Peavler* court emphasized the importance of the policy underlying governmental immunity. The doctrine of separation of powers and the notion that the courts are not the proper forum to second guess policy-based decisions of the coordinate branches of government are at the core of the discretionary function exception. *Peavler*, 528 N.E.2d at 44; *City of Crown Point*, 640 N.E.2d at 752.

■ Immunity based on the performance of a discretionary function is not absolute. Only those significant policy and political decisions which cannot be assessed by customary tort standards are insulated from liability. The exercise of this type of political power is held accountable only to the Constitution or the political process. The critical inquiry is "not merely whether judgment was exercised but whether the nature of the judgment called for policy considerations." *Peavler*, 528 N.E.2d at 45; *City of Crown Point*, 640 N.E.2d at 752–53. As the United States District Court said in its interpretation of the Federal Tort Claims Act discretionary function provision:

> the judiciary confines itself … to adjudication of facts based on discernible objective standards of law. In the context of tort actions … these objective standards are notably lacking when the question is not negligence but social wisdom, not due care but political practicability, not unreasonableness but economic expediency. Tort law simply furnishes an inadequate crucible for testing the merits of social, political, or economic decisions.

*City of Crown Point*, 640 N.E.2d at 753 (quoting *Blessing v. United States*, 447 F.Supp. 1160, 1170 (E.D.Penn.1978)).

Accordingly, we will consider whether the challenged conduct of Morgan County is the type of discretionary function that the legislature intended to shield from liability, keeping in mind that discretionary immunity must be narrowly construed.

■■ In order to prevail on its immunity argument, the County must prove that it had implemented a policy-oriented systematic manner of dealing with its signage problems on its rural county roads. This is a case of omission. When considering cases of omission, as opposed to affirmative acts by a governmental body, our analysis takes a more general approach. We recently said in *Voit* that "in the case of omissions, a conscious balancing may be demonstrated by evidence showing that the governmental entity considered improvements of the general type alleged in plaintiff's complaint." *Voit*, 634 N.E.2d at 770. For example in *Mullen v. City of Mishawaka* (1988), Ind.App., 531 N.E.2d 229, 230–31, *reh'g denied, trans. denied*, we held that immunity attached where the City failed to place a traffic warning sign based on a recommendation of the city engineer who diagramed the location of accidents and recommended placement of warning signs to the city council. However, in that case the evidence demonstrated that all recommendations for warning signs were presented to the city council, and no signs were placed until the council passed an ordinance adopting the recommendation. The city engineer made his recommendation based on the diagram he prepared using accident report data. Then, the city council would enact new legislation based on the draft ordinance, eventually resulting in the change of signage. We determined that based on these facts, the City was shielded from liability because it engaged in a policy oriented decision-making process regarding the placement of warning signs. We reiterated in *Voit* that where this type of policy oriented decision-making process is evidenced, there is no need for the governmental entity to demonstrate that it considered and rejected the specific improvements alleged. *Voit*, 634 N.E.2d at 770.

■ Governmental decisions regarding the placement of warning signs on public highways are not *per se* discretionary and immune from tort liability. *Board of Comm'rs of Adams County v. Price* (1992), Ind.App., 587 N.E.2d 1326, 1330, *trans. denied* (Adams County not immune under discretionary function immunity for failure to show a policy oriented decision-making process in regard to placement of traffic signs at

unmarked, rural intersections). The discretionary nature of a decision to place a warning sign must be determined on a case by case basis. *Peavler,* 528 N.E.2d at 47.

Our focus of inquiry is not on whether Morgan County considered improvements on Teeters Road, but rather whether the County engaged in the type of policy oriented decision-making process concerning signage improvements generally. Our review of the designated material both in support of and in opposition to Jacobs's motion leads us to the conclusion that Morgan County should not be permitted to shield itself from liability under discretionary immunity.

Morgan County did not engage in any type of systematic process for determining which improvements would be made and whether or not traffic control devices would be added. The Board of Commissioners of Morgan County did appoint Steven Wegman, a civil engineer as the Morgan County Highway Engineer in March of 1987. At the time of Wegman's appointment, the County had been without a highway engineer for a few years and several problems had developed regarding improper signage on the county roads.

The County maintains that the Board of Commissioners delegated the authority to Wegman to survey the roads and determine in his engineering judgment where special traffic control devices were needed. The County further maintains that Wegman conducted a study of the roads and determined that no additional traffic control devices were needed. In fact, the County's alleged systematic manner of dealing with its signage problems consisted of Wegman driving around to familiarize himself with the county roads, making no documentation of his observations and keeping no records except for a map to mark off the roads as he drove them. Without engaging in any type of systematic balancing or cost-benefit analysis, Wegman singularly decided whether a particular segment of county road required additional signage. When he noticed a need for a sign, he placed a radio call to the highway department and informed the sign installer. Other than Wegman's radio calls to the sign installer, he had no communication with anyone concerning the placement of signs. There was no communication or follow-up with the Board of Commissioners regarding sign placement. Furthermore, in Wegman's deposition, he testified that he viewed this function as part of his day to day operations as the county engineer.

The County has failed to demonstrate that it made discretionary decisions about policy formation which involved the assessment of competing priorities and a weighing of budgetary considerations. A county highway engineer driving around and deciding single-handedly where additional signs were required is not the type of discretionary function our legislature intended to cloak with immunity. While the County's decision to enlist the help of a traffic engineer was a step in the right direction, the County has failed to show discretionary function in this case. Bearing in mind the purpose behind the immunity statute and that the statute is to be narrowly construed, we find that Morgan County is not immune from liability based on I.C. 34–4–16.5–3(6).

## CONCLUSION

Based on the foregoing, Morgan County is not entitled to immunity pursuant to either I.C. 34–4–16–5–3(16) or I.C. 34–4–16.5–3(6). Accordingly, the trial court is reversed and this cause is remanded for Jacobs's negligence claim to be submitted to a jury. This is not an appropriate case for judicial abstention because it is reviewable under traditional tort standards of negligence.

Reversed and remanded.

CHEZEM and RUCKER, JJ., concur.