**CITY OF PERU and Peru Park Maintenance Department, Appellants–Defendants,**

v.

**Tracy BROOKS and Dawn M. Brooks, Appellees–Plaintiffs.**

No. 52A02–9606–CV–387.

Court of Appeals of Indiana.

Feb. 18, 1997.

Transfer Denied June 14, 1997.

Phillip A. Renz, Diana C. Bauer, Miller Carson Boxberger & Murphy L.L.P., Fort Wayne, for appellants-defendants.

C. Michael Cord, Ronald S. Todd, Bayliff, Harrigan, Cord & Maugans, P.C., Kokomo, for appellees-plaintiffs.

**OPINION**

BARTEAU, Judge.

The City of Peru and the Peru Park Maintenance Department (collectively "Peru") bring this interlocutory appeal challenging the trial court's denial of Peru's motion for summary judgment in a negligence action.

---

We address the following issue: Is Peru immune from liability under the Indiana Tort Claims Act?

We affirm.

## FACTS

The facts most favorable to the non-moving party are that in June, 1993, the Peru Park Maintenance Department sponsored a volunteer day at Maconaquah Park in Peru, Indiana. Volunteers from the city and county helped to clean up the park. No one was in charge of the volunteers. At some point during the clean-up, a group of individuals gathered some heavy wooden planks from a wooded area. The volunteers utilized the planks to construct a bridge across a creek located forty or fifty feet from the wooded area. The volunteers failed to complete the bridge. Although the bridge had a dirt ramp leading up to it on one end, the other end had a drop-off of approximately two feet. Peru did not complete the bridge until the fall of 1994.

On August 29, 1993, Brooks and his wife, Dawn, were riding their bicycles in the park. The Brookses were looking for their children, who were playing in a nearby frogpond. Brooks rode his bicycle down the dirt path and onto the bridge. When Brooks reached the far end of the bridge, the front tire of his bicycle went over the edge of the drop-off, causing Brooks to flip over his handlebars. Brooks landed on his head, neck, and shoulders and suffered a broken neck.

The Brookses filed suit against Peru. Peru answered, raising the affirmative defense of immunity under the Indiana Tort Claims Act. Peru subsequently filed a motion for summary judgment, which the trial court denied. The trial court thereafter certified the order for interlocutory appeal.

## STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. *Id.* The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. *Midwest Commerce Banking Co. v. Livings,* 608 N.E.2d 1010, 1012 (Ind.Ct.App.1993). Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial. *Id.*

When reviewing an entry of summary judgment, we stand in the shoes of the trial court and liberally construe all designated evidentiary material in favor of the nonmoving party. *Rotec, Div. of Orbitron, Inc. v. Murray Equip., Inc.,* 626 N.E.2d 533, 535 (Ind.Ct.App.1993). We consider the pleadings and evidence sanctioned by Trial Rule 56(C) without deciding their weight or credibility. *Rickels v. Herr,* 638 N.E.2d 1280, 1282 (Ind.Ct.App.1994).

## APPLICATION OF INDIANA TORT CLAIMS ACT

Peru contends the trial court erred in denying its motion for summary judgment. Peru maintains it is immune from liability pursuant to Indiana Code section 34–4–16.5–3(4) (1993 & Supp.1996) which provides that a governmental entity is not liable for a loss resulting from "the condition of an unpaved road, trail, or footpath, the purpose of which is to provide access to a recreation or scenic area." In the absence of Indiana caselaw applying this specific provision of the Indiana Tort Claims Act, Peru urges us to examine caselaw decided under similar statutory provisions in California and Illinois.

Whether a governmental entity is immune from liability under section 16.5–3 of the Indiana Tort Claims Act is a question of law for the courts. *Jacobs v. Board of Com'rs,* 652 N.E.2d 94, 98 (Ind.Ct.App.1995), *trans. denied.* Because the Indiana Tort Claims Act is in derogation of the common law, it is narrowly construed against the grant of immunity. *Id.* The party seeking immunity bears the burden of proving that its conduct falls within the statute, and thus is shielded from liability. *Id.*

Peru urges us to look to California and Illinois law in interpreting section 3(4) of the Indiana Tort Claims Act. However, when a statute is clear and unambiguous on its face we may not interpret the statute; rather we hold the statute to its clear and plain meaning. *Hendricks County Bd. of Zoning Appeals v. Barlow,* 656 N.E.2d 481, 485 (Ind.Ct. App.1995). Because the statute before us is clear and unambiguous, we do not address California and Illinois law.[1] Instead, we use the common and ordinary meaning of the words contained in the statute. *Linville v. Hoosier Trim Prods.,* 664 N.E.2d 1178, 1179 (Ind.Ct.App.1996), *trans. denied.*

■ Section 3(4) provides that a governmental entity is not liable if a loss results from the condition of an unpaved road, trail, or footpath. The plain, common sense meaning of the statute is that while a governmental entity is immune from liability when a loss results from the natural condition of a road, trail, or footpath, the entity will not be immune where a loss results from improvements the entity has made to such road, trail, or footpath. We glean such meaning from the use of the term "unpaved" in the statute.

■ However, the term "unpaved" is not defined in the statute. We may therefore consider an English language dictionary to ascertain its plain and ordinary meaning. *State Bd. of Accounts v. Indiana University Foundation,* 647 N.E.2d 342, 347 (Ind.Ct. App.1995), *trans. denied.* The Brookses adopt the definition of pave listed in Webster's New Collegiate Dictionary at 841: "to lay or to cover with material (as stone or concrete) that forms a firm level surface for travel." Brief of the Appellees at 8. Peru maintains the bridge was unpaved because it was not covered with stone or concrete. The definition supplied by the Brookses does not require that the material consist of stone or concrete, however. The American Heritage Dictionary of the English Language at 962

(1981) defines pave as "[t]o cover with any hard, smooth surface that will bear travel." In the present case, wooden planks were utilized to form a hard, smooth surface covering the creek so that persons could travel across the creek. We therefore conclude that the bridge constitutes a paved surface and is not within the scope of the statute. The trial court did not err when it denied Peru summary judgment.[2]

Judgment affirmed.

RUCKER and DARDEN, JJ., concur.

---

1. Even assuming the Indiana statute is ambiguous, neither the California nor the Illinois statutes base immunity upon whether a trail is paved or unpaved. *See* West's Ann.Cal.Gov.Code § 831.4; 745 ILCS 10/3–107. Thus, California and Illinois caselaw are irrelevant.

2. We reject Peru's assertion that Ind.Code section 14–22–10–2 (Supp.1996), the Recreational User Statute, further supports Peru's entitlement to immunity. The current version of Indiana's Recreational User Statute was not enacted until approximately two years after Brooks's accident and is inapplicable.